## In re TURNER'S ESTATE.

### No. 13371.

Court of Civil Appeals of Texas. Fort Worth.

May 8, 1936.

Rehearing Denied June 12, 1936.

Leroy A. Smith and Van Zandt Smith, both of Ft. Worth, for appellants.

Worsham, Burford, Ryburn & Hincks and Autry Norton, all of Dallas, for appellee.

BROWN, Justice.

W. G. Turner died testate in Tarrant county, and W. T. Ladd and B. H. Martin, named as coexecutors under Turner's will, qualified as such with the National Surety Company as the surety on the said executors' bond. Thereafter, the National Surety Corporation entered into a written contract with the National Surety Company whereby said corporation assumed liability under the executors' bond, all of which transactions occurred in the spring of 1933.

On December 21, 1934, the National Surety Corporation filed its petition in the county court of Tarrant county, setting up the facts of Ladd and Martin being appointed coexecutors of the deceased Turner's estate and the execution of the bond, payable to the county judge of said county, and that the National Surety Company executed the bond as surety, and alleging that thereafter a certain written contract was executed by and between the National Surety Company and the National Surety Corporation, on April 29, 1933, whereby for valuable consideration the National Surety Corporation assumed liability under the bond, excepting for losses and acts committed prior to May 1, 1933.

The petitioner simply alleged "that it desires to be discharged from all liability and presents this its petition, as provided by law, praying that they (executors) be required to give a new bond, and that the National Surety Corporation be discharged from all liability for the said acts of such executors, or either of them."

The petitioner prayed for citation and notice to issue and that it be discharged, and that the executors be required to give a new bond.

The said coexecutors replied by urging a general demurrer to the sufficiency of this petition. The county court, sitting in probate matters, sustained the general demurrer, and the cause was appealed to the district court.

In the district court the executors filed an amended answer urging a general demurrer to the petition and pleading further that the National Surety Company executed the executors' bond as a surety thereon and that subsequently the petitioner National Surety Corporation, without compulsion, voluntarily assumed the obligation imposed by the bond; that all premiums had been paid thereon; that the executors, after the petition was filed, made an honest and faithful effort to secure other surety companies to execute a new bond but were unable to procure the same because of the National Surety Corporation's request to be relieved from the bond.

The cause being tried to the court, the executors' general demurrer was overruled, and the district court ordered the executors to give a new bond.

The appeal is taken from this judgment by the executors, and a supersedeas bond, as required by the trial court, was made.

Unfortunately, counsel have been unable to furnish us, and we have been unable to find, any authority directly bearing upon the issues raised by this appeal.

Article 3392, Rev.Civ.Statutes, provides that the executor or administrator may be required to give a new bond in certain cases, naming six specific subdivisions of cases. The fifth is as follows: "When the sureties or any one of them petition the court to be discharged from future liability upon such bond."

Articles 3393 and 3394 have to do with conditions and matters wholly disconnected with this appeal.

Article 3395 provides that: "The sureties upon the bond of an executor or administra-, tor, or any one of these, may, at any time, present a petition to the county judge praying that such executor or administrator may be required to give a new bond and that he or they may be discharged from all liability for the future acts of such executor or administrator, whereupon such executor or administrator shall be cited to appear and give a new bond."

Article 3396 seems to provide only for the issuance of the citation required in article 3395, and article 3397 contains the following provision: "Upon the return of any such citation served, the county judge shall, on the day named therein for the hearing of the matter, whether in term time or vacation, proceed to inquire into the sufficiency of the reasons for requiring a new bond, and if satisfied that a new bond should be required he shall enter an order to that effect, stating in such order the amount of such new bond, and the time within which it shall be given, which shall not be later than twenty days from the date of such order."

■ It appears to us that article 3397 is necessarily tied to articles 3392, 3395, and 3396 in such a manner that the trial court is required "to inquire into the sufficiency of the reasons for requiring a new bond, and if satisfied that a new bond should be required he shall enter an order to that effect."

Thus it appears to us that any surety desiring to be relieved of future responsibility under the bond must allege and prove a sufficient reason for being relieved, that is to say, for requiring a new bond. No reason whatever is attempted to be urged in the petition before us, and none having been pleaded, we likewise find that none was attempted to be proved.

For the reasons given, we are of the opinion that the trial court erred in rendering the judgment appealed from. But aside from this, let it be remembered that the petitioner, National Surety Corporation, did not execute the executors' bond as a surety and was never requested to become such a surety, the surety being the National Surety Company, which surety has made no application to be relieved from liability upon the bond. The National Surety Corporation, without any compulsion upon the part of the executors and of its own free will, assumed the obligations upon the bond and contracted with the surety National Surety Company to such effect. Under such circumstances, in our opinion, the National

Surety Corporation could not come within the purview of the provisions of the statutes above cited and above noted.

For the reasons given, the judgment of the trial court is reversed, and judgment is here rendered for the executors.