NATIONAL SURETY CORPORATION v. W. T. LADD ET AL. (ESTATE OF W. G. TURNER, DECEASED).

No. 7158. Decided April 13, 1938.
(115 S. W., 2d Series, 600.)

*Worsham, Burford, Ryburn & Hincks,* and *Autry Norton,* all of Dallas, for plaintiff in error.

A surety on the bond of an administrator or executor has the right, upon sufficient reason, to be relieved from further liability on such bond, and it was error for the Court of Civil Appeals to hold otherwise. Moore v. Hanscom, 101 Texas 293, 106 S. W. 876; Popham v. Patterson, 121 Texas 615, 51 S. W. (2d) 680; Railroad Com. of Texas v. Texas & N. O. Ry. Co., 42 S. W. (2d) 1091.

*Leroy A. & Van Zandt Smith,* of Fort Worth, for defendants in error.

MR. JUSTICE SHARP delivered the opinion of the Court.

W. G. Turner died testate in Tarrant County, and W. T. Ladd and B. H. Martin, named as coexecutors under Turner's will, qualified as such coexecutors, with the National Surety Company as surety on their bond in the sum of $40,000.00. Thereafter the National Surety Corporation, by virtue of a contract made with the National Surety Company, assumed liability as surety under the executors' bond. This occurred in 1933.

In 1934 the National Surety Corporation filed its petition in the Probate Court of Tarrant County to be relieved from further liability on the bond. The petition alleged that it desired to be discharged from all liability, and prayed that the executors be required to give a new bond, and that the National Surety Corporation be discharged from all liability for the further acts of such executors, or either of them. The executors urged a general demurrer to the sufficiency of the petition. The county court, sitting in probate matters, sustained the general demurrer, and the cause was appealed to the district court. The cause was tried to the court and executors' general demurrer was overruled, and the district court ordered the executors to give a new bond. The executors appealed to the Court of Civil Appeals at Fort Worth, and that court reversed the judgment of the district court and rendered judgment for the executors. 94 S. W. (2d) 1204.

A decision in this case involves the construction of Article 3392 et seq., Vernon's Annotated Texas Civil Statutes. These articles of the statutes were in force when the matters here arose. In 1929 Article 3393a was added. (Acts 1929, 41st Leg., p. 130, chap. 63, Sec. 1.) In 1935 Article 3396 was amended. (Acts 1935, 44th Leg., p. 654, chap. 266, Sec. 1.)

Article 3392 reads as follows: "An executor or administrator may be required to give a new bond in the following cases:

"1. When the sureties upon the bond or any one of them shall die, remove beyond the limits of the State, or become insolvent.

"2. When, in the opinion of the county judge, the sureties upon any such bond are insufficient.

"3. When, in the opinion of the county judge, any such bond is defective.

"4. When the amount of any such bond is insufficient.

"5. When the sureties or any one of them petition the court to be discharged from future liability upon such bond.

"6. When the bond and the record thereof have been lost or destroyed."

Article 3393 provides when a judge shall require a new bond, and reads as follows: "When it shall be known to him that any such bond is in any respect insufficient or that it has, together with the record thereof, been lost or destroyed, he shall without delay cause the executor or administrator to be cited to show cause why he should not give a new bond."

Article 3394 provides how any person interested in an estate

may demand a new bond, and reads as follows: "Any person interested in an estate may, upon application in writing filed with the county clerk of the county where the administration is pending, alleging that the bond of the executor or administrator is insufficient or defective, or has been, together with the record thereof, lost or destroyed, cause such executor or administrator to be cited to appear and show cause why he should not give a new bond."

Article 3395 provides the method as to how sureties may be discharged from such bond, and reads as follows: "The sureties upon the bond of an executor or administrator, or any one of these, may, at any time, present a petition to the county judge praying that such executor or administrator may be required to give a new bond and that he or they may be discharged from all liability for the future acts of such executor or administrator, whereupon such executor or administrator shall be cited to appear and give a new bond."

Article 3396 describes how citations shall issue, and fixes the return date thereon.

Article 3397 reads: "Upon the return of any such citation served, the county judge shall, on the day named therein for the hearing of the matter, whether in term time or vacation, proceed to inquire into the sufficiency of the reasons for requiring a new bond, and if satisfied that a new bond should be required he shall enter an order to that effect, stating in such order the amount of such new bond, and the time within which it shall be given, which shall not be later than twenty days from the date of such order."

The Court of Civil Appeals in substance held: (1) Under the articles of the statutes a surety desiring to be relieved of future responsibility under an executor's bond must allege and prove sufficient reasons for being relieved. (2) The surety company which assumed the liability under the executors' bond held not entitled to be relieved of future responsibility under the bond, in the absence of allegation and proof of any reason for being so relieved. (3) The statute permitting a surety to be relieved of responsibility under an executor's bond, on allegation and proof of sufficient reason for being relieved, did not warrant the court in relieving the surety company which assumed, by virtue of a contract, liability under an executor's bond where the original surety made no application to be relieved from liability upon the bond. The Court of Civil Appeals further held that Article 3397 dominates the other articles, and

leaves it to the discretion of the trial court "to inquire into the sufficiency of the reasons for requiring a new bond, and if satisfied that a new bond should be required he shall enter an order to that effect."

The Legislature in enacting the foregoing articles of the statutes had certain objects in view, among which were the following:

(1) To require an executor or administrator to furnish a sufficient bond for the protection of an estate.

(2) To permit the county judge to require a new bond when it appears that the bond executed is in any respect insufficient, or that it and the record thereof have been lost.

(3) To authorize any person interested in an estate to require a new bond when certain facts are made known to the court.

(4) To permit sureties to be discharged from liability for future acts of such executor or administrator by presenting a petition for such discharge.

It is contended that the use of the word "may" in the sentence which reads, "An executor or administrator may be required to give a new bond in the following cases:" means that the discretion is left to the county judge to refuse to require a new bond under the six sections of Article 3392, and particularly under section 5 thereof, which is the section involved here.

1   In the construction of laws, courts will not hesitate to construe words in order to carry out the expressed intention of the Legislature. In many cases the word "may" has been construed to mean "shall," and vice versa. The rule is governed by the intention expressed in the statute. For a discussion and construction of the rule, see: American Mortgage Corporation v. Gussie Samuell et al., 130 Texas 107, 108 S. W. (2d) 193; San Angelo Nat. Bank v. Fitzpatrick, 88 Texas 213, 216, 30 S. W. 1053, 1054; Holcomb v. Williams, (Tex. Civ. App.) 194 S. W. 631, 632; Mitchell v. Hancock, (Tex. Civ. App.) 196 S. W. 694, 700; 5 Words and Phrases, First Series, 4418, and authorities cited.

2   Of course it is recognized that when questions of fact are raised and presented, it is left to the judgment of the court to determine them. It may frequently happen that some fact issue relating to a bond executed by an executor or administrator may be raised, which calls for the discretion of the court to determine such question. The fact of the insolvency of a bond,

or that it is insufficient or defective, may be presented, and the issue determined that such fact does not exist. Article 3397 would then be applicable. But where it indisputably appears that a bond is insolvent, or that it is insufficient, or that it is defective, certainly the Legislature did not intend that an estate under those circumstances would continue to be administered without the execution of a new and sufficient bond. The law intended, under those conditions, that the county judge should require a new bond.

The appellate courts have had few occasions to construe this statute. So far as we can find, this precise question has never been passed upon by this Court. Therefore there is no precedent to guide or control our decision here. The case of Moore v. Hanscom, 101 Texas 293, 106 S. W. 876, 878, 108 S. W. 150, while not involving the precise question involved here, did involve the construction of Article 3392 and the power conferred on a county judge thereunder. After setting out the provisions of Article 3392, it was said:

"It will be seen that a broad discretion is given to the judge of the County Court over the subject of demanding or permitting new bonds to be given by the guardian or administrator. The county judge in the case now before us was authorized to take the bond in question if any one of the conditions named in Article 1949 existed at the time. For instance, if in the opinion of the county judge the sureties upon the second bond were insufficient; or if, in his opinion, the bond was in anywise defective, or if the sureties or any one of them petitioned the county judge to be discharged from liability on the bond, the order would be sustained."

3 When section 5 of Article 3392 and Article 3395 are construed together, it clearly appears that the Legislature intended to prescribe the method to be pursued for a surety to get relief from the liability of a bond for the future acts of an executor or administrator. Without any restriction or conditions, the statute states, in plain terms, what steps may be pursued to obtain a discharge from such a bond. Can it be conceived that the Legislature intended to prescribe a rule that once a surety always a surety, and that under no change of circumstances could a person or company, having signed a bond as a surety, ever obtain relief therefrom except by consent of the county judge? It cannot reasonably be concluded from a reading of this statute that the Legislature intended to adopt such rule. When the results and consequences of such construction are considered, this Court is. not willing to ascribe to the Legisla-

ture such intention. If such rule should obtain, then indeed would it be difficult to procure sureties on bonds of this character.

In a statute like the one before us, it is difficult to define in detail an exact rule for every question that may be presented in the course of the administration of such statute. The dominant objects sought to be expressed in statutes can be stated only in general terms, and the rule of common sense should govern those called upon to construe and enforce them. It is impossible to pick out certain words or phrases or sentences, and detach them from the context of the law, and when thus isolated define them and arrive at the intention of the Legislature expressed in the law. A statute should be construed as a whole in order to arrive at the purposes for which it was enacted.

4 Courts are not at liberty to thwart the plain intention of the Legislature expressed in a law that is constitutional, and where the intention is plain the law will be enforced, regardless of the consequences. But where the intention is not clearly expressed in the statute, the rule applies which is stated in 59 Corpus Juris, page 969, as follows: "Where, however, the intention of the Legislature is so inadequately or vaguely expressed that the court must resort to construction, it is proper to consider the results and consequences of any proposed construction, and the court will, if possible, place upon the statute a construction which will not result in injustice, oppression, hardship, or inconvenience, unreasonableness, prejudice to public interest, or absurd consequences."

When we construe these articles of the statutes and consider them in the light of the subject matter involved, as well as in the light of experience, it is clear to our mind that where a surety complies with the law and presents his petition for release, such surety is entitled to be discharged from any liability for any future acts of an executor or administrator.

5 It is contended, and the Court of Civil Appeals so held, that the National Surety Corporation could not seek relief as surety on the bond because the National Surety Company, the original surety, did not file a petition seeking such relief. It is undisputed that, by virtue of a written contract between the National Surety Company and the National Surety Corporation, the latter company assumed liability on the bond for the future acts of the executors, stepped into the place occupied by the original surety for such liability, and the premiums for the bond were paid to the National Surety Corporation for being responsible on the bond. The National Surety Corporation, hav-

ing been accepted as a surety, certainly has all the rights and remedies accorded a surety by law, and its rights to relief as such surety are not to be controlled or governed by the actions of some other company, which, perhaps, is no longer in existence and is not in position to file such petition.

For the reasons herein stated, the judgment of the Court of Civil Appeals is reversed, and the judgment of the District Court is affirmed.

Opinion delivered April 13, 1938.