

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 8, 1964

Honorable Don Hall
District Attorney
McLennan County Courthouse
Waco, Texas

Opinion No. C-238

Re: Length of time an inmate must
serve in the Texas Department
of Corrections before he is
legally entitled to be con-
sidered for a parole if the
inmate is serving a sentence
of not less than two nor
more than eight years.

Dear Mr. Hall:

By letter dated March 18, 1964, you have requested our opinion as to the above matter.

Article 781d, Section 15, of Vernon's Annotated Code of Criminal Procedure, provides in part as follows:

> "The Board is hereby authorized to re-
> lease on parole with the approval of the
> Governor any person confined in any penal
> or correctional institution of this state,
> except persons under sentence of death, who
> has served one-third (1/3) of the maximum
> sentence imposed; provided that in any case
> he may be paroled after serving fifteen years;
> and provided further that where the maximum
> sentence is not four times as great as the
> minimum sentence, and the convict has served
> the minimum sentence, and where the maximum
> sentence is greater than four times the minimum
> sentence, and the convict has served one-fourth
> (1/4) of the maximum sentence, such convict
> may be paroled during good behavior for the
> balance of the term imposed upon him. All paroles
> shall issue upon order of the Board, duly adopted
> and approved by the Governor."

You point out in your request that the situation under discussion, i.e., a sentence in which the maximum is exactly four times the minimum, is not embraced by the proviso of the statute quoted above. You also point out that this leads to the anomalous situation wherein a convict sentenced for two to ten years would be eligible for parole under the statute in two and one-half years, but a convict sentenced for a term of two

-1152-

to eight years would not receive eligibility for a parole until he had served two years and eight months.

Under Section 11 of Article IV of the Constitution of Texas, the Legislature has "authority to enact parole laws".

If the statute is viewed literally, then the Legislature has not properly provided for the instant situation, but when viewed realistically it is clear the Legislature did not intend any such absurd results. It has long been the rule that our courts will not attribute to the Legislature an intention to work an injustice. State v. Mauritz-Wells Co., 141 Tex. 634, 175 S.W. 2d 238 (1943).

The question then becomes one of construing the language of the statute by applying the appropriate rules of construction. This rule is found in Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070 (1927), where the Supreme Court said:

> "Provisions of a statute will be liberally
> construed to effectuate the purposes in-
> tended by the legislature and to promote
> justice."

Again in National Surety Corporation v. Ladd, 131 Tex. 295, 115 S.W.2d 600 (1938), the court said:

> ". . .'Where, however, the intention of the legis-
> lature is so inadequately or vaguely expressed
> that the court must resort to construction, it is
> proper to consider the results and consequences of
> any proposed construction, and the court will, if
> possible, place upon the statute a construction
> which will not result in injustice, oppression,
> hardship, or inconvenience, unreasonableness,
> prejudice to public interest, or absurd conse-
> quence.'"

Applying these rules to the two possible interpretations the proper construction is obvious. Liberally construed in light of reasonableness and justice, the Legislature intended to provide that when a convict has a maximum sentence which is four times or more than the minimum, he may be paroled upon serving one-fourth (1/4) of the maximum sentence, which is the same as the minimum sentence.

Therefore, it is our opinion that a prisoner whose maximum sentence is exactly four times the length of his minimum sentence may become eligible for parole after serving one-fourth (1/4) of his maximum sentence.

### SUMMARY

An inmate in the Texas Department of Corrections serving a sentence of not less than two years nor more than eight years is entitled to be considered for parole after he has served the minimum sentence of two years (one-fourth of the maximum sentence).

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: *Robert O. Smith*

ROBERT O. SMITH
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

Joe Long

W. O. Schultz

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone