

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 29, 1972

Honorable Wilson E. Speir
Director, Texas Department
of Public Safety
5805 N. Lamar Blvd.
Box 4087
Austin, Texas   78773

Opinion No. M-1108

Re: Authority of Texas
Department of Public
Safety under Article
6687b V.C.S. to
administer certain
tests in examining
applicants for driver's
licenses, and related
questions?

Dear Sir:

You have requested our opinion on three questions:

(1)   Whether the Texas Department of Public Safety
may, pursuant to Article 6687b, Section 10, admin-
ister a Siebrecht Attitude Scale, the Sixteen Per-
sonality Factors Questionnaire, and the National
Test in Driver Education as a pre and post course
testing program, in correlation with violation and
accident records, to determine if such profiles
may be used as a diagnostic instrument in initial
and relicensing of drivers?

(2)   Is Article 6687b, Vernon's Civil Statutes,
sufficiently comprehensive to permit your Depart-
ment, "in cooperation with other persons and state
agencies, such as the Texas Department of Health
and the Brazos Valley Crises Intervention Program,
to screen medically eligible and problem applicants
to determine whether their disability will permit
the safe operation of a vehicle on completion of a
rehabilitation program?"

(3)   Whether "a judge, under Section 22 (e) of
Article 6687b, "may "require as a condition of

-5400-

probation the attendance at and satisfactory
completion of a rehabilitation program?"

We answer all three of these questions in the affirmative.
In any construction to be given to the various sections of
Article 6687b in answering your questions, it is well to note
first that a statute should be construed as a whole in order
to arrive at the purposes for which it was enacted, and words,
phrases, or sentences should not be detached from the context
in attempting to define the legislative intent.  National
Surety Corp. v. Ladd, 131 Tex. 295, 115 S.W.2d 600 (1938).

In Mundy v. Pirie - Slaughter Motor Co., 146 Tex. 314,
206 S.W.2d 587 (1948), the Supreme Court of Texas construed
Article 6687b and held that its "principal purpose" is to
insure some minimum of competence and skill on the part of
drivers, for the protection of those who might be injured or
have their property damaged by negligent or reckless operation
of motor vehicles on the highway.  In view of this principal
purpose and legislative intent, we will examine the pertinent
parts of the statute.

Section 4 of Article 6687b not only prohibits the issuance
of drivers licenses to certain age groups but also to those
"whose license has been suspended, during such suspension;" to
those who are shown to be addicted to alcohol and narcotics
that "render a person incapable of driving;" to those adjudged
idiots, imbeciles, or feebleminded; "to any person when in the
opinion of the Department such person is afflicted with or
suffering from such physical or mental disability or disease
as will serve to prevent such person from exercising reason-
able and ordinary control over a motor vehicle . . . nor . . .
to any person who is unable to understand highway warnings
or direction signs in the English language . . .".  In addi-
tion to these prohibitions, including blind persons, the Legis-
lature prohibits licenses to "any person when the Department
has good cause to believe that the operation of a motor vehicle
on the highways by such person would be inimical to public
safety or welfare."

Section 10 of Article 6687b directs the Department to
"examine every applicant for an operator's, commercial

operator's, or chauffeur's license. . . ." It further pro-
vides that the examination

> ". . .shall include a test of the applicant's
> vision, his ability to understand highway signs
> in the English language. . ., his knowledge of
> the traffic laws of this State, and shall in-
> clude an actual demonstration of ability to
> exercise ordinary and reasonable control in the
> operation of a motor vehicle of the type he
> will be licensed to operate and such further
> physical and written examination as the Depart-
> ment finds necessary to determine the applicant's
> fitness to operate a motor vehicle safely upon
> the highways, and provided further that the
> Director shall have the authority to cause to
> be re-examined the licensee in any case which
> in his judgment the licensee is incapable of
> operating a motor vehicle. . .". (Emphasis
> supplied.)

Section 24A of Article 6687b makes provisions for re-
habilitation schools and provides:

> "(a)  The Department shall establish and develop
> a program of motor vehicle driver education and
> training for drivers whose licenses have been
> suspended or revoked or are subject to suspension
> or revocation.
>
> "(b)  The Department shall instruct, educate, and
> inform all persons attending the driver training
> program in the proper, lawful, and safe operation
> of a motor vehicle. . .
>
> "(c)  The Department may require a person to
> attend the education and training program as a
> condition to the reinstatement of a suspended
> license or the issuance of a new license to a
> person whose prior license has been revoked.
>
> "(d)  In the interest of promoting safe driving,
> the Department may seek the advice and cooperation

of the schools, courts, and other interested
persons."

The Department is granted substantial discretion in the
issuance and renewal of licenses, and may prescribe the pro-
cedures and standards for arranging and conducting the exam-
inations.  See Sections 10 and 18 of Article 6687b.  To assist
in administering the Act, the Department is authorized a
"Medical Advisory Board," which "shall be comprised of licensed
physicians (including physicians specialty - board - qualified
in internal medicine, psychiatry, neurology, physical medicine,
and ophthalmology) appointed by the State Health Commissioner.
. . ."  Any three (3) members can act on any case or question
submitted by the Texas Department of Public Safety."  Section
21A, Article 6687b.

It is our conclusion that the Texas Department of Public
Safety has the authority to administer the attitude and driver
knowledge tests referred to in your first question to determine
the driver applicant's fitness to operate a motor vehicle
safely upon the highways, provided, however, the Department
finds such tests in its judgment to be reasonable, suitable,
and necessary to test driver applicants under the statutory
responsibilities conferred upon the Department.  We also
have concluded that the Department has ample authority, in
cooperation with other state agencies and interested persons,
such as the Texas Department of Health and the Brazos Valley
Crises Intervention program, to screen medically eligible and
problem applicants to determine whether their disability or
incapacity will permit the safe operation of a vehicle on
completion of a rehabilitation program.

This office has previously interpreted Article 6687b
and concluded that whenever in the judgment of the Director
of the Department of Public Safety a licensee or one whose
license was suspended for driving while intoxicated is in-
capable of operating a vehicle, either because of physical or
nervous defects or advanced years, the Director has the author-
ity to require him to submit to an examination to determine his
ability safely to operate a vehicle.  Attorney General Opinion
Nos. 0-4975(1942);  0-7281(1946).

Your final question inquires whether a judge, under Section

22(e) of Article 6687b may require as a condition of probation the attendance at and satisfactory completion of a rehabilitation program. We hold that in his discretion he may clearly do so. Section 22 concerns the authority of the Department to suspend or revoke a license. Section 22e provides:

> "The judge or officer holding a hearing. . . or the court trying an appeal under Subsection(c) of this section, on determining that the license shall be suspended or revoked, may, when it appears to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby, recommend that the revocation or suspension be probated on terms and conditions of such probation. When probation is recommended by the judge or officer presiding at a hearing, the department shall probate the suspension or revocation."

We have earlier observed that Section 24A makes provision for a rehabilitation school and program, and Subsection(c) provides the Department with express authority to "require a person to attend the education and training program as a condition to the reinstatement of a suspended license or the issuance of a new license to a person whose prior license has been suspended." Thus, our conclusion under Section 22(e) as to the authority of the court is in harmony and consistent with the spirit and legislative purpose and intent under Section 24A as to the authority of the Department.

It is our opinion that if there is a probation of the revocation and suspension of the license, and the judge finds that the applicant's fitness to operate his motor vehicle safely is such that the interests of justice, the public, and the driver will be subserved by his required attendance and completion of the rehabilitation program, the court is empowered to require such attendance and completion of the rehabilitation program as a condition of probation.

## S U M M A R Y

The Texas Department of Public Safety may, pursuant to Article 6687b, V.C.S., administer a Siebrecht Attitude Scale, the Sixteen Personality Factors Questionnaire and the National Test in Driver Education as a pre and post course testing program, in correlation with violation and accident records, to determine if such profiles may be used as a diagnostic instrument in initial and relicensing of drivers, provided the Department finds that such driver attitude and knowledge tests are reasonable, suitable, and necessary in testing drivers under the statutory responsibilities of the Department.

Article 6687b, V.C.S., is sufficiently comprehensive to permit the Department, in cooperation with other persons and state agencies, to screen medically eligible and problem applicants to determine whether their disability or incapacity will permit the safe operation of a vehicle on completion of a rehabilitation program.

Under Article Section 22(e) of Article 6687b, V.C.S., the Court may require as a condition of probation the attendance at and satisfactory completion of a rehabilitation program.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Guy C. Fisher
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Larry Craddock
Mel Corley
Fisher Tyler
Scott Garrison

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant