

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 29, 1974

The Honorable Jess M. Irwin, Jr.
Commissioner for Rehabilitation
Texas Rehabilitation Commission
1600 West 38th Street
Austin, Texas 78731

Dear Commissioner Irwin:

Opinion No. H- 459

Re: Article 666b, V.T.C.S. -
Application to space
rented for clients of
Texas Rehabilitation
Commission

Article 666b, Vernon's Texas Civil Statutes, as amended, provides:

Section 1. Hereafter all departments and agencies
of the State Government, when rental space is needed
for carrying on the essential functions of such agencies
or departments of the State Government, shall submit
to the State Board of Control a request therefor, giving
the type, kind, and size of building needed, together
with any other necessary description, and stating the
purpose for which it will be used and the need therefor.

Section 2. The State Board of Control, upon receipt
of such request, and if the money has been made available
to pay the rental thereon, and if, in the discretion of
the Board such space is needed, shall forthwith advertise
in a newspaper, which has been regularly published and
circulated in the city, or town, where such rental
space is sought, for bids on such rental space, for the
uses indicated and for a period of not to exceed four
years. All such leases shall be contingent upon the
availability of funds to cover the terms of the lease. It
is further provided that monthly rentals may be paid
in advance when required by the lease agreement and
mutually agreed upon by the lessor and the lessee. After
such bids have been received by the State Board of
Control at its principal office in Austin, Texas, and pub-
licly opened, the award for such rental contract will be

p. 2108

made to the lowest and best bidder, and upon such other terms as may be agreed upon. The terms of the contract, together with the notice of the award of the State Board of Control will be submitted to the Attorney General of Texas, who will cause to be prepared and executed in accordance with the terms of the agreement, such contract in quadruplicate; one of which will be kept by each party thereto, one by the State Board of Control, and one by the Attorney General of Texas. The parties to such contract will be the department or agency of the government using the space as lessee and the party renting the space as lessor.

Section 3. Within thirty days after the effective date of this Act, all departments and agencies of the State Government at this time leasing or renting space from any person, firm, or corporation whomsoever, will cause to be prepared and delivered to the State Board of Control in Austin, Texas, a copy of any written rental or lease agreement now in force and current, or any statement of any oral understanding upon which any lease or rental public funds are being expended, if such action has not already been taken.

Section 4. Should any rental or lease agreement be sought by any agency or department of the State Government, involving an expenditure of less than One Hundred Dollars ($100) per annum or any rental or lease agreement be sought involving a rental period of not exceeding four (4) months and involving a total expenditure of Two Hundred Dollars ($200) or less, the Board of Control is authorized to waive the requirements of this Act in the case of leases and rentals of space for which payment is to be made from the expense fund of either House of the Legislature, in which case the leases and rentals shall be subject to applicable legislative rules and policies.

You have asked our opinion as to whether these requirements apply to the rental of space to be used by a handicapped person as part of a rehabilitation program under Chapter 30 of the Texas Education Code (Sections 30.01 et seq.) entitled "Rehabilitation of Handicapped and Disabled".

Section 30.42 of the Code, in detailing authorized functions of the Commission for Rehabilitation includes:

> . . . the establishment, supervision, management, and control of small business enterprises to be operated by severely handicapped individuals where their operation will be improved through the management and supervision of the agency . . . .
> Education Code, § 30.42(5)

You point out that often the rental will be for a period of only one month but that there may be circumstances which would call for a longer period of rental.

The Commission apparently fears that the delays inherent in following the procedures of Article 666b would have an adverse effect on rehabilitation and in many cases would result in undue financial hardship.

Your specific question to us is: "In the rental of space for a client of the Texas Rehabilitation Commission, is it necessary to follow the formal procedure established in Article 666b, Vernons' Annotated Civil Statutes?"

Apparently there has never been a judicial construction of Article 666b. When we read the entire statute, as we are required to do in construing it, cf. National Surety Corporation v. Ladd, 115 S.W.2d 600 (Tex. Sup. 1938), we conclude that it was the intention of the Legislature that the statutory procedure for renting property applies only to rentals to be occupied by the agencies themselves. We would especially stress the language of section 1 referring to rental space needed by an agency "for carrying on the essential functions" of the government. It is apparent that the procedure required by section 2 is much too cumbersome to be warranted for a short term use. The execution of a contract in writing prepared by the Attorney General could well be inconsistent with such short term use.

It is our conclusion therefore, that the provisions of Article 666b apply to the rental of space to be occupied and used by an agency or department.  It does not apply to short term rentals of property by the Texas Rehabilitation Commission on behalf of its clients.

## SUMMARY

Article 666b, V. T. C. S., governing the leasing of land for use by a state agency does not apply to property to be leased for use by a client of the Texas Rehabilitation Commission.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee