

# The Attorney General of Texas

July 25, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

J Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Roger D. Shipman
Executive Secretary
Texas Board of Veterinary
    Medical Examiners
3810 Medical Parkway, Suite 119
Austin, Texas    78756

Opinion No. JM-46

Re:    Construction of article 7465a, V.T.C.S., the Veterinary Practice Act

Dear Mr. Shipman:

You have asked two questions concerning section 10 of article 7465a, V.T.C.S., of the Veterinary Licensing Act. As amended in 1981, this section provides:

> (a)  Any person not previously licensed in this State is qualified to be licensed, provided:
>
> (1)  he has attained the age of majority;
>
> (2)  he is a graduate of a reputable school or college of veterinary medicine as approved by the Board [of Veterinary Medical Examiners];
>
> (3)  he successfully completes the examination conducted by the Board; and
>
> (4)  the Board does not refuse issuance of the license as provided in Section 14 (Refusing Examination, License or Renewal).
>
> (b) The Board may waive any license requirement for an applicant with a valid license from another state having license requirements substantially equivalent to those of this State.

You ask:

> Under [section 10(b)], is it mandatory for the board to grant licenses to out of state veterinarians without successful completion of the examination if they otherwise qualify? Also, what may the board consider when processing an application for licensure under this provision?

We answer your first question in the negative. We understand that the board currently requires all applicants for a license to practice veterinary medicine in Texas to pass a qualifying examination. Your first question, therefore, may be restated as follows: If an applicant for a Texas license received a license in another state that, in the board's opinion, has license requirements "substantially equivalent to those of this state," and if the applicant "otherwise qualif[ies]" for a Texas license, must the board exempt him from its examination requirement? We understand that by "otherwise qualify," you mean that the applicant satisfies the license requirements of subsections (a)(1), (a)(2), and (a)(4) of section 10.

Section 10(b) is couched in permissive terms. It provides that the board "may" waive any license requirement in certain instances, not that it "must" do so. "May" is not generally construed as a word of command. Cf. Thomas v. Groebl, 212 S.W.2d 625, 630 (Tex. 1948). On its face, therefore, section 10(b) does not require the board to waive any particular requirement for any particular applicant.

"May" should be interpreted as "must," of course, when it is apparent that this interpretation was intended by the legislature. National Surety Corporation v. Ladd, 115 S.W.2d 600, 602 (Tex. 1938). The scant legislative history of section 10(b), however, discloses no such intent. On the contrary, to the extent that this history, which consists of a statement concerning section 10(b) made by its author during a committee meeting, suggests anything regarding the legislature's intent, it suggests that the section should be construed, not as a command, but simply as a grant of authority. This statement is as follows:

> [Section 10(b)] authorizes the board to adopt a system of out of state licensing having license requirements substantially equivalent to those in Texas, a reciprocal type of situation. (Emphasis added).

Tape of State Affairs Committee hearing on Senate Bill No. 232, held on February 23, 1981. A statement indicating that the author's intent was to authorize the board to adopt a reciprocal licensing system if it wishes to do so cannot, in our opinion, reasonably be construed as evidence of an intent to require the board to do so.

To answer your question in the affirmative, moreover, we would have to conclude that the legislature intended that applicants who possess a valid license issued by a state with "substantially equivalent" licensing requirements and who satisfy the requirements of subsections (a)(1), (a)(2), and (a)(4) of section 10 must, as a matter of law, be deemed competent to practice veterinary medicine in Texas. We do not believe that this was the legislature's intent. An applicant could possess a license issued by such a state, satisfy the three license requirements enumerated above, and still not be

competent to practice in Texas.  The applicant could, for example, be unfamiliar with diseases or animals peculiar to Texas.  In our opinion, the legislature did not intend to compel the board to issue a license to an out-of-state applicant until the board determines to its own satisfaction that the applicant is competent to practice in this state.  The board may well conclude, as it apparently has, that a qualifying examination affords the best way to make this determination.

We therefore conclude that section 10(b) merely authorizes the board to work with states with "substantially equivalent" licensing requirements to structure a reciprocal licensing system.  It does not require the board automatically to exempt from its examination requirement applicants who possess a license issued by such a state and satisfy the requirements of section 10(a)(1), (a)(2), and (a)(4). We therefore answer your first question in the negative.

In answer to your second question, we are aware of no express or implied parameters within which the board must operate when determining whether an out-of-state applicant is competent to practice veterinary medicine in this state.  Depending upon the requirements of any reciprocal licensing system that may be created, we believe that the board is free to consider any reasonable factors it deems relevant in making this determination.

### S U M M A R Y

Section 10(b) of article 7465a, V.T.C.S., does not require the Board of Veterinary Medical Examiners to exempt from its examination requirement applicants with a license issued by another state who "otherwise qualify" for a Texas license under section 10(a) thereof.  In processing an application for licensure under section 10(b), the board may consider any reasonable factors it deems relevant to the determination of whether the applicant is competent to practice veterinary medicine in Texas.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
Jon Bible
Colin Carl
Patricia Hinojosa
Jim Moellinger
Nancy Sutton
Bruce Youngblood