

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

August 1, 1988

Mr. William D. Gooch
Director and Librarian
Texas State Library and
   Archives Commission
P. O. Box 12927
Austin, Texas  78711

Opinion No.  JM-936

Re:  Whether optical data storage can be used in lieu of microfilm and paper by county clerks and school districts (RQ-1311)

Dear Mr. Gooch:

You have requested our opinion about three questions:

    1.  Does H.B. 163 authorize county clerks and school districts to ·use optical data storage systems as the exclusive medium for storage of permanent and long term records - that is, without also maintaining a microfilm or paper back-up copy?

    2.  Until such time as optical data storage technology can meet standards for permanency and file integrity as are statutorily required of microfilm used for storage of county clerk and school district records, and specifically until American National Standards Institute standards for permanency have been adopted for optical disk storage media, would digitized county clerks' or school district records or paper copies made therefrom be deemed original records and so accepted by courts and administrative agencies, as are microfilm records?

    3.  Does H.B. 163 grant the same 'individual discretion' to county clerks to adopt optical data storage systems for records filed in county or district courts as they have to adopt microfilm systems under Chapter 194, or must they request approval from the

Supreme Court as required by Sections 51.803(b) and 51.807, Texas Government Code?

House Bill 163 is set out in full as follows:

AN ACT relating to the process of optical data storage.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION 1.   Article 1941(a), Revised Statutes, is amended by adding Section 1A to read as follows:

Sec. 1A.   OPTICAL DATA STORAGE PROCESS. For the purposes described by Section 1 of this Act, a county clerk, county recorder, or clerk of a county court may adopt and use an optical data storage process for the storage of records by optical disk. This Act applies, to the extent feasible, to the optical data storage process, the optical disk used in that process, and the records stored by that process in a manner equivalent to the manner in which this Act applies to a microfilm process, the film used in that process, and the records stored by that process.

SECTION 2.   Subchapter H, Chapter 21, Education Code, is amended by adding Section 21.260 to read as follows:

Sec. 21.260.   OPTICAL DATA STORAGE PROCESS. For the purposes described by Section 21.259 of this code, a school district may adopt a plan for an optical data storage process for the storage of records by optical disk. This section applies to optical data in the same manner as Section 21.259 applies to microfilm, to the extent feasible, to the optical data storage process, the optical disk used in that process, and the records stored by that process in a manner equivalent to the manner in which this section applies to a microfilm process, the film used in that process, and the records stored by that process.

Acts 1987, 70th Leg., 2d C.S., ch. 72, at 224.

This act amended two separate statutory schemes for record keeping -- that of county clerks and that of school districts. Section 1 of House Bill 163 amends V.T.C.S. article 1941(a), which governs county clerks, by adding section 1A.[1] Section 2 of House Bill 163 amends the Education Code, which governs school districts, by adding section 21.260.

Because the provisions of the Education Code illustrate this problem of statutory construction more clearly than those of the Local Government Code, the two relevant sections of the Education Code are set out in full (emphasis added):

§ 21.259. Microfilming Records and Reports by School Districts

(a) A school district may adopt a plan for microphotographing or microfilming records and reports to accurately and permanently copy, reproduce, or originate records and reports on film. The plan must:

(1) specify the types of records and reports for recording on microfilm;

(2) require indices to microfilm records and reports;

(3) require the microfilm to meet requirements of the United States of American Standards Institute for archival quality, density, resolution, and definition unless the school board of trustees

---

1. Article 1941(a), however, was earlier repealed by Acts 1987, 70th Leg., ch. 149, § 49(1). This repeal was in conjunction with the enactment of the Local Government Code, which incorporated article 1941(a) into its provisions. See Acts 1987, 70th Leg., ch. 149, § 1. In such a situation, section 311.031(c) of the Government Code provides that the repeal of a statute by a code does not affect an amendment by the same legislature that enacted the code and that the amendment is preserved and given effect as part of the code provision.

determines that the microfilm is intended only for short-term use;

(4) require a person to certify that the microfilm record or report is a correct duplication of the original record or report; and

(5) guarantee the public free access to information in microphotographs and microfilms to which they are entitled by law.

(b) A microfilm record or report of a school district is an original record or report and, if made in compliance with this section, shall be accepted by a court or agency of this state as an original record. A copy on paper or film of microfilm record or report that is certified by a record keeper of the school district shall be accepted by a court or agency of this state as a certified copy of an original record or report.

(c) An original record or report which is microfilmed in compliance with a plan adopted under this section may be destroyed at the direction of the school board of trustees, unless required to be preserved by state or federal law.

(d) An original record or report of the school district which is not microfilmed in compliance with a plan adopted under this section or is determined to be worthless by the school board of trustees may be destroyed at the direction of the board of trustees, unless required to be preserved by state or federal law.

(e) If the subject matter of an original record or report is in litigation, the original record or report may not be destroyed until the litigation is settled or final judgment is rendered.

(f) Before an original record or report that has been microfilmed may be destroyed, the school district must notify the state, librarian and state archivist. If the state

> librarian or state archivist determines that the record or report is needed for the state library, the district shall transfer the record or report to the librarian or archivist. (Emphasis added.)

§ 21.260. Optical Data Storage Process

> For the purposes described by Section 21.259 of this code, a school district may adopt a plan for an optical data storage process for the storage of records by optical disk. This section applies to optical data in the same manner as Section 21.259 applies to microfilm, to the extent feasible, to the optical data storage process, the optical disk used in that process, and the records stored by that process in a manner equivalent to the manner in which this section applies to a microfilm process, the film used in that process, and the records stored by that process. (Emphasis added.)

Thus, as set out in the statute, to achieve the purposes of section 21.259, section 21.260 authorizes the use of optical data storage. Among the purposes of section 21.259 is "permanently" copying. You are concerned that it is not technologically feasible to achieve the purpose of "permanently" copying using optical data storage. You have cited several articles that question the archival life of an optical disk, suggesting that it is perhaps no more than ten years. See, e.g., Canning, Optical Disks in the Office, 5 IMC Journal 9 (Sept./Oct. 1987); Calmes, To Archive and Preserve: A Media Primer, Inform 14 (May 1987); McQueen & Boss, Videodisc and Optical Digital Disk Technologies and Their Applications in Libraries, Am. Lib. Ass'n (1986). Significantly, you have learned that neither the National Archives and Records Administration nor the Library of Congress consider optical data storage as acceptable for permanent records. See Correspondence of Nov. 2, 1987, from Alan Calmes, Preservation Officer of the NARA, to William Gooch.

In your first question, therefore, you ask whether H.B. 163 authorizes county clerks and school districts to use optical data storage without also maintaining a microfilm or paper copy of records. Without much doubt, the legislature contemplated this as a possibility. We draw this conclusion from the claim in the Bill Analysis that an optical disk "may have a longer media archival life than microfiche" and

that "county records storage space requirements would be lessened." Bill Analysis, Tex. H.B. 163, 70th Leg. (1987). Neither of these claims would have been relevant unless the bill meant to authorize replacing microfilm and paper with optical disks. Thus, while not expressly saying so, the Bill Analysis seems to contemplate the possibility of optical data storage without the retention of microfilm or paper. This conclusion is supported by the sponsor's explanation of the bill to the House upon second reading. Debate on Tex. H.B. 163 on the Floor of the House, 70th Leg., 2d C.S. (July 18, 1987) (tape 24, side A) (available from House Committee Coordinator's Office).

The critical point, however, is that while the legislative history suggests that the legislature considered it a possibility that optical data storage might replace microfilm and paper records, the legislature provided in the act itself certain safeguards to ensure that the technology of optical data storage guaranteed permanence before it could be employed by county clerks or school districts. Before optical data storage can be used as the exclusive method of record retention, any plan adopted by a county clerk or a school district must meet the requirements of chapter 194 of the Local Government Code or section 21.259 of the Education Code, respectively. We again turn to the Education Code to make our point.

Section 21.260 provides that it "applies to optical data in the same manner as Section 21.259 applies to microfilm, to the extent feasible . . . ." What this means is unclear. For several reasons that will be explained, we read section 21.260 to incorporate the requirements of section 21.259 into section 21.260. Among the requirements of section 21.259 is subdivision (a)(3), which states that microfilm must meet the requirements of the "American Standards Institute for archival quality, density, resolution, and definition unless . . . the microfilm is intended only for short-term use." You have learned that as of yet there are no American National Standards Institute (ANSI) Standards for archival use of optical data storage. Correspondence of October 26, 1987, from William H. Rockwell, Vice President of ANSI, to William D. Gooch. Until such time as there are, under section 21.260, no school district could adopt a plan for optical data storage, except for short-term use. The same is true of county clerks. See Local Gov't Code § 194.005, § 194.010, § 194.017.

Thus, by incorporating the requirements of section 21.259, section 21.260 ensures that optical data storage cannot be used until standards are developed that guarantee

archival quality. We chose this construction of section 21.260 because it best comports with the express legislative objective of guaranteeing permanent recordkeeping. A statute should be construed with reference to its manifest object, and if the language is susceptible of two constructions, one of which will carry out and the other of which will defeat the manifest object, the construction that will carry out the manifest object should be chosen. Citizens Bank of Bryan v. First State Bank, 580 S.W.2d 344, 348 (Tex. 1979).

To read section 21.260 as authorizing optical data storage without reference to the requirements of section 21.259 would mean that any system of optical data storage could be adopted, even if it did not adequately preserve public records. If possible, such a construction is to be avoided. Long term preservation of public records is very much in the public interest. When, as in this case, the intention of the legislature is so vaguely expressed, it is proper to consider the consequences of any proposed construction and place upon the statute a construction that will not prejudice the public interest. National Surety Corp. v. Ladd, 115 S.W.2d 600, 603 (Tex. 1938).

We do not read the phrase "to the extent feasible" as requiring a different interpretation. Providing that section 21.259 is incorporated into section 21.260 "to the extent feasible" does not mean that if the technology of optical data storage cannot meet the requirements of section 21.259 that it need not. Rather, the phrase "to the extent feasible" means to the extent that a particular requirement of section 21.259 is relevant to the technology of optical data storage. Again taking the example of subdivision (a)(3), as we read "to the extent feasible," any plan for optical data storage must require that it meet standards for archival quality, but such storage need not meet the requirements for "resolution" since resolution is a technical term applying only to film and not to optical data storage.

Construing the phrase in this fashion harmonizes the statute and ensures that it fulfills the apparent legislative objective. In construing a statute, all sections, words, and phrases must be considered together, every provision should be construed with every other provision to produce a harmonized whole; and one provision will not be given a meaning out of harmony or inconsistent with other provisions, although it might be susceptible of such construction standing alone. Black v. American Bankers Ins. Co., 478 S.W.2d 434, 437 (Tex. 1972).

In summary, before adopting a plan for optical data storage, a county clerk or a school district must be sure that the plan meets the requirements for archival quality established by the American National Standards Institute. Until there are such standards, no such plan can be adopted.

In your second question you ask whether records stored on optical disk must be accepted as original records by a court or agency of this state. Our answer to your first question dictates our answer to your second question. Again, we will consider the question under the Education Code. Under section 21.259(b) of the Education Code, only those records "made in compliance with" that section can be accepted as an original record. Since one of the requirements of section 21.259 is meeting the ANSI standards for archival quality, and since this requirement is incorporated into section 21.260 for optical data storage, then records on optical disks or made from optical disks cannot be considered original records until ANSI has established standards for archival quality for optical data storage, and records are produced under a plan that meets those standards. The result is the same for the records of county clerks under the Local Government Code. See Local Gov't Code, § 194.005, § 194.010, § 194.017.

In your third question you ask whether county clerks must request approval from the Supreme Court under subchapter I of chapter 51 of the Government Code before adopting optical data storage for the filing of court records. This question confuses filing and storage. Subchapter I of chapter 51 of the Government Code relates to establishing a system for "the electronic filing of documents." Chapter 194 of the Local Government Code relates to storing documents after filing. Supreme Court approval is required for an electronic filing system, but not for storage on optical disk after filing. As a practical matter, however, until ANSI standards for archival quality are developed for optical data storage, no county clerk can employ a plan for optical data storage under chapter 194 of the Local Government Code.

## S U M M A R Y

Before adopting a plan for optical data storage, a county clerk or school district must be sure that the plan meets the requirements for archival quality established by the American National Standards Institute (ANSI). Until there are such standards, no plan can be adopted. Records stored on optical disks

are not original records unless they are stored pursuant to a plan that meets ANSI standards. Subchapter I of chapter 51 of the Government Code, authorizing the electronic filing of certain documents by county clerks, relates to filing, not storing. Chapter 194 of the Local Government Code, relating to storing, operates without reference to subchapter I of chapter 51 of the Government Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by F. Scott McCown
Assistant Attorney General