**Affirmed and Majority and Dissenting Opinions filed August 14, 2025.**



In The

# Fifteenth Court of Appeals

---

### NO. 15-24-00042-CV

---

## ONCOR ELECTRIC DELIVERY COMPANY LLC, Appellant

### V.

## PUBLIC UTILITY COMMISSION OF TEXAS, Appellee

---

**On Appeal from the 200th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-23-006507**

---

### DISSENTING OPINION

The majority holds that the Texas Administrative Procedure Act (APA) requires a party to file a second motion for rehearing when that party complains only of *unchanged* decisions within the order that were the targets of the party's first rehearing motion. This interpretation causes a statutory exception to swallow the general rule that second rehearing motions are not required. It also requires parties to perform a futile act by mounting a *second* rehearing attack on decisions recorded within an order that the agency refused to change following the first rehearing attack

on those same decisions. Consequently, I would hold that Oncor was not required to file a second rehearing motion in order to appeal only decisions within the order that Oncor challenged unsuccessfully in its first rehearing motion.

Texas courts construe statutes by "consider[ing] the context and framework of the entire statute." *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 326 (Tex. 2017); *Rush Truck Ctrs. of Tex., L.P. v. Sayre*, No. 24-0040, 2025 WL 1599527, at \*4 (Tex. June 6, 2025). Structural elements of the statute—like general rules and exceptions—are part of the context that we must consider. *See Rush Truck Ctrs.,* 2025 WL 1599527 at \*4. Statutory context is a "'primary determinant of meaning.'" *Id.* (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012)). We employ "common sense" reasoning and construe the statute "as a whole in order to arrive at the purposes for which it was enacted." *Nat'l Sur. Corp. v. Ladd*, 115 S.W.2d 600, 603 (Tex. 1938).

The APA's provision governing subsequent rehearing motions consists of a default rule in subsection (h) and exceptions in subsections (h)(1) and (h)(2):

> (h) A subsequent motion for rehearing is not required after a state agency rules on a motion for rehearing unless the order disposing of the original motion for rehearing:
>
>> (1) modifies, corrects, or reforms in any respect the decision or order that is the subject of the complaint, other than a typographical, grammatical, or other clerical change identified as such by the agency in the order, including any modification, correction, or reformation that does not change the outcome of the contested case; or
>>
>> (2) vacates the decision or order that is the subject of the motion and provides for a new decision or order.

Tex. Gov't Code § 2001.146(h).

Section 2001.146(h)'s rule-and-exceptions structure conveys a meaning to the reader. In subsection (h), the Legislature has established a default rule that a subsequent motion for rehearing is not required. The default rule suggests to the reader that this scenario—no subsequent rehearing motion is required—should occur most frequently. The Legislature created two exceptions to that general rule in subparts (h)(1) and (h)(2). *Id.* The first exception requires a subsequent rehearing motion when the order disposing of the original motion for rehearing "modifies, corrects, or reforms in any respect the decision or order that is the subject of the complaint, . . . including any modification, correction, or reformation that does not change the outcome of the contested case." *Id.* § 2001.146(h)(1). The second exception requires a subsequent rehearing motion when the order disposing of the original motion for rehearing "vacates the decision or order that is the subject of the motion and provides for a new decision or order." *Id.* § 2001.146(h)(2). This second exception is not at issue. The PUC invokes only the first.

The majority interprets this first exception to swallow the rule, holding that Section 2001.146, read as a whole, "creates a rule that a party does not have to file a second motion for rehearing, unless the agency modifies its order in some way that the agency does not explicitly designate as typographical, grammatical, or clerical and that modification is related to the subject of the complaints made in the motion for rehearing." Maj. at 13. The majority reasons that this is so even if, following the first rehearing motion, the agency only substantively modifies decisions within the order that the aggrieved party does not intend to challenge on judicial review.

This interpretation runs counter to common sense and recognized principles of statutory construction. The "prime directive in statutory interpretation is to apply the meaning that a reasonable reader would derive from the text of the law." Eskridge, William N., *Interpreting Law: a Primer on How to Read Statutes and the*

3

*Constitution* 33, 34–35 (2016). Reasonable readers are familiar with the concept of general rules and exceptions, and that exceptional scenarios should occur less frequently than general-rule scenarios. In a unanimous opinion, the U.S. Supreme Court recently declined to interpret a statutory exception in a way that "would swallow most of the rule." *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280, 299 (2025). The Texas Supreme Court, too, has held that a statute's "narrow exception cannot gut" a statute's "broad prohibition." *Rush Truck Ctrs.*, 2025 WL 1599527, at *4.

The majority's interpretation of the statute allows subsection (h)(1) to gut subsection (h)'s general rule that a subsequent motion for rehearing is not required. Under the majority's interpretation, a party must file a motion for rehearing *every time* the trial court makes a substantive change to any portion of the order in response to the party's first rehearing motion—which is almost always. Indeed, the majority acknowledges that a subsequent hearing motion would be required following substantive changes to an order except in an unusual example scenario sketched out in the majority's opinion: parties X and Y both file rehearing motions, but the court makes substantive changes to the order responding only to party X's motion (in which case party Y would be excused from filing a subsequent rehearing). This is a strange result for a statutory provision that begins with the text "[a] subsequent motion for rehearing is not required. . . ." Tex. Gov't Code § 2001.146(h).

Fortunately, the text of Chapter 2001 does not require this counterintuitive result. We can avoid construing the statute to allow subsection (h)(1)'s exception to swallow the rule by giving full effect to every word of the phrase "decision or order that is the subject of the complaint" in subsection (h). Subsection (h) requires us to identify what Oncor is challenging—an entire "order" or a "decision" within that order. The majority assumes that the entire "order" is the "subject of [Oncor's]

4

complaint on appeal,"[1] such that any substantive change to the order triggers section (h)(1)'s exception. But that is not the nature of Oncor's complaint to the court. Oncor complains only of certain *individual decisions that are recorded in the order*—not the order itself. Those decisions have already been the targets of Oncor's first rehearing motion, but the PUC made no change *to those decisions* in its amended order. Because the *decisions* that are the "subject of the complaint" have not been modified in any way from one order to the next, subsection (h)(1)'s exception is not triggered. Simply put, Section 2001.146(h) gives parties a choice of complaining about an "order or decision." Here, Oncor chooses to complain here about individual decisions in the order—not the entire order. Because the decisions that Oncor challenges did not change from the initial order to the amended order, subsection (h)(1) does not apply. The general rule applies, so Oncor had no need to bother with a second rehearing motion.

If the Legislature had intended to create a rule requiring subsequent motions for rehearing every time the agency modified its order in response to the original motion in a substantive way, the Legislature could have written a much simpler rule with the default flipped to requiring subsequent rehearing motions. But the Legislature did not do so. The Legislature created a rule that a subsequent motion for rehearing is not required, then listed exceptions, one of which is for modifications to the "decision or order that is the subject of the complaint." Oncor has decided to

---

[1] As the majority recognizes, Section 2001.146 consistently addresses "the decision or order that is the subject of the motion," until it refers to the contents of a motion for rehearing and uses a different phrase—the "subject of the complaint." The statute also uses the phrase, the subject of the complaint, when referring to the exception at issue in this case. Another exception, not at issue here, states that a subsequent motion for rehearing is not required unless the order disposing of the original motion "vacates the decision or order that is the *subject of the motion* and provides for a new decision or order." Tex. Gov't Code § 2001.146(h)(2) (emphasis added). By changing the phrase used from "the subject of the motion" to "the subject of the complaint," the Legislature expressed intent to shift the focus from the subject of the motion as a whole, to the subject of the complaint within the motion on which the party seeks judicial review.

5

challenge decisions as opposed to the entire order. The Legislature gave Oncor the right to make that choice, and we should honor it.

In addition to rule swallowing, the majority's holding creates a second problem—it requires Oncor to perform a futile act. Generally speaking, "Texas law does not require the performance of a futile act." *Duncan v. Woodlawn Mfg., Ltd.*, 479 S.W.3d 886, 897 (Tex. App.—El Paso 2015, no pet.) (citing *DiGiuseppe v. Lawler*, 269 S.W.3d 588, 594–95 (Tex. 2008)).

The purpose of a motion for rehearing is to put the agency on notice as to the errors the party seeking judicial review alleges. *Suburban Util. Corp. v. Public Util. Comm'n*, 652 S.W.2d 358, 365 (Tex. 1983). Such a motion must "apprise the regulatory agency of the error claimed" and "allow the agency the opportunity to correct the error or to prepare to defend it." *Id.* It is undisputed that Oncor's first rehearing motion put the agency on notice that Oncor considers the decisions complained of here to be erroneous. The agency chose not to reconsider these decisions. The majority requires that Oncor file another motion for rehearing repeating those allegations before it proceeds to judicial review. The majority does not explain why the Texas Legislature would intend to require a party to engage in the futile act of filing a subsequent motion repeating its allegations to avoid dismissal for lack of subject matter jurisdiction.

Courts are "reluctant to conclude that a statutory requirement affects a court's subject-matter jurisdiction absent clear legislative intent to that effect." *In re Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022). Indeed, the Texas Supreme Court has refused to condition appellate review on the filing of a redundant motion for new trial, reasoning that "to read into the rules a requirement that a redundant motion for new trial is necessary to preserve error would defeat the goal of hearing cases on their merits whenever possible, without advancing any

corresponding policy considerations." *Fredonia State Bank v. Gen. Am. Life Ins*. Co., 881 S.W.2d 279, 282 (Tex. 1994). Because Section 2001.146(h)(1) does not convey clear legislative intent to deprive the trial court of jurisdiction for the sole reason that Oncor has not performed a redundancy, I respectfully dissent.

/s/ April Farris
April Farris
Justice

Before Justices Field, Farris, and Chief Justice Tracy Christopher, sitting by assignment (Field, J., majority).