**NEW LAREDO HOTEL, INC., Appellant,**

v.

**WEBB COUNTY APPRAISAL DISTRICT, et al., Appellees.**

No. 04–88–00539–CV.

Court of Appeals of Texas, San Antonio.

Aug. 23, 1989.

Rehearing Denied Oct. 5, 1989.

Craig L. Austin, San Antonio, for appellant.

Raymond R. Gray, C. Richard Fine, Ray, Wood, & Fine, E. Jeannie Navarro, Austin, for appellees.

Before BUTTS, CARR and STEPHENS,[1] JJ.

## OPINION

STEPHENS, Justice (Retired).

█ By one point of error, the New Laredo Hotel, Inc., as taxpayer, appeals the dismissal of its suit protesting the tax valuation placed on its property by the Webb County Appraisal District, contending that neither the personal appearance by the taxpayer before the board, nor the filing of an affidavit by the taxpayer is a jurisdictional prerequisite to proceeding to trial de novo in district court. We agree with appellant,

and we reverse the judgment of the trial court and remand the cause for trial.

On June 2, 1987, the taxpayer purchased the property in question for the sum of $3,000,000.00. Shortly thereafter, the Appraisal District valued the property at $4,648,638.00. A timely protest was filed by the taxpayer, attaching a closing statement of the property. The Webb County Appraisal Review Board then held a hearing on the matter. Neither the taxpayer nor its representative filed an affidavit or appeared at the hearing. The Board ordered "that the protest be denied and the applicable appraisal records not be changed." Upon the filing of the present suit, the Appraisal District and the Board moved for dismissal for want of jurisdiction, for the failure of the taxpayer to personally appear before the Review Board. The trial court dismissed the cause "for want of jurisdiction."

Our decision in this matter results from an analysis of the change in the tax law. The pertinent provision of the repealed statute, TEX.REV.CIV.STAT.ANN. art. 7345f, read as follows:

> ... A taxpayer shall be required to file with the board of equalization a sworn affidavit, in addition to the rendition, prior to invoking the provisions of this article but shall not be required to appear personally or by a representative.

This statute was repealed and replaced by the Texas Tax Code in 1979. The pertinent provisions of Section 41.45 of the Code, entitled "Hearing on Protest", are as follows:

> (b) The property owner initiating the protest is entitled to an opportunity to appear to offer evidence or argument. The property owner may offer his evidence or argument by affidavit without personally appearing if he attests to the affidavit before an officer authorized to administer oaths and submits the affidavit to the board hearing the protest before it begins the hearing on the protest....

1. The Honorable Bill J. Stephens, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

(c) The chief appraiser shall appear at each protest hearing before the appraisal review board to represent the appraisal office.

TEX.TAX CODE ANN. § 41.45(b), (c) (Vernon 1982). In addition, Section 41.66(c) provides that:

A property owner who is entitled as provided by this chapter to appear at a hearing may appear by himself or by his agent. A taxing unit may appear by a designated agent.

*Id.* § 41.66(c) (Vernon 1982).

■ We disagree with the argument of appellees that appellant failed to exhaust its administrative remedies. Had the legislature intended to mandate the appearance of the taxpayer, his agent, or the offer of evidence by affidavit, it could have easily done so by the use of appropriate language. Instead, the legislature chose to offer these rights to the taxpayer, if he elected to avail himself of them. In this case a proper protest was filed, along with the closing statement for the purchase of the property. The Chief Appraiser of the District was required to be present at the hearing, and absent contrary evidence, we assume that he was present and participated in the hearing. The board chose not to change the valuation, and thus the taxpayer's right of trial de novo in the district court arose.

We are persuaded that the change in the tax law in 1979 afforded the taxpayer the privilege of attending the hearing and the privilege of presenting evidence by way of affidavit, if he so chose, but did not mandate either procedure. We conclude that the right to trial de novo is not conditioned on either the appearance of the taxpayer or the filing of an affidavit. *See Keggereis v. Dallas Central Appraisal District,* 749 S.W.2d 516, 518 (Tex.App.—Dallas 1988, no writ).

The judgment of the trial court is reversed and the cause is remanded for trial on the merits.