**WEBB COUNTY APPRAISAL DISTRICT and Webb County Appraisal Review Board, Petitioners,**

v.

**NEW LAREDO HOTEL, INC., Respondent.**

No. C–9308.

Supreme Court of Texas.

July 3, 1990.

Randall Buck, C. Richard Fine, Austin, for petitioners.

Craig L. Austin, San Antonio, for respondent.

OPINION

HIGHTOWER, Justice.

This case involves a dispute over property tax valuation. New Laredo Hotel, Inc. (Hotel) paid $3,000,000.00 for property located in Webb County. Shortly thereafter, the Webb County Appraisal District (District) valued the property at $4,648,638.00. Taxes were to be assessed on that amount. Hotel filed a timely protest and attached a copy of the closing statement reflecting the $3,000,000 sales price. At the protest hearing before the Webb County Appraisal Review Board (Board), the Hotel did not appear nor did it file an affidavit. The Board denied the protest and left the valuation unchanged. The Hotel filed suit in district court, appealing the Board's decision in a trial de novo. The District and the Board moved to dismiss for want of jurisdiction because the Hotel failed to exhaust all administrative remedies. This motion was based on the Hotel's failure to appear at the Board's hearing to offer evidence or argument in support of its protest. The trial court granted the motion and dismissed the Hotel's suit for want of jurisdiction. The court of appeals was persuaded

by the Hotel's arguments that neither personal appearance nor the filing of an affidavit by the taxpayer is a jurisdictional prerequisite to an appeal to district court. "We conclude that the right to trial de novo is not conditioned on either the appearance of the taxpayer or the filing of an affidavit." 777 S.W.2d 165, 166. The court of appeals reversed and remanded the cause for trial on the merits. For the reasons stated below, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.

The issue in this case is whether a taxpayer is required to "appear" at the protest hearing before the Appraisal Review Board as a prerequisite to an appeal to district court. The District and the Board argue that appearance should be required. A taxpayer may "appear" before the Board in person, through a representative, or by means of an affidavit. The pertinent section of the Texas Tax Code reads as follows:

(a) On the filing of a notice as required by Section 41.44, the appraisal review board shall schedule a hearing on the protest....

(b) The property owner initiating the protest is entitled to an opportunity to appear to offer evidence or argument. The property owner may offer his evidence or argument by affidavit without personally appearing if he attests to the affidavit before an officer authorized to administer oaths and submits the affidavit to the board hearing the protest before it begins the hearing on the protest. On receipt of an affidavit, the board shall notify the chief appraiser....

TEX.TAX CODE ANN. § 41.45 (Vernon 1982 & Supp.1990). Also of importance is section 41.66(c) which provides that "[a] property owner who is entitled as provided by this chapter to appear at a hearing may appear by himself or by his agent...."

TEX.TAX CODE ANN. § 41.66(c) (Vernon 1982).

The Hotel argues that it filed an adequate notice of protest and did more than was statutorily required by filing an unsworn copy of the closing statement with its protest. According to the Hotel, this constituted "very substantial documentation of gross overevaluation." The Hotel maintains that this issue may be resolved only by considering article 7345f, the predecessor of section 41.45. Article 7345f reads, in pertinent part, "... a taxpayer shall be required to file with the board of equalization a sworn affidavit, in addition to the rendition, prior to invoking the provisions of this article but shall not be required to appear personally or by representative." TEX.REV.CIV.STAT ANN. art. 7345f (repealed). Although appearance under article 7345f was clearly not mandatory, filing an affidavit was. It is the Hotel's position that, had the legislature intended to make appearance (by whatever means) mandatory, it could have easily done so by using the appropriate language. Instead, the Hotel argues, the legislature used the precatory word "may" in drafting section 41.45 and therefore appearance is not required. We disagree. Chapter 41 of the Texas Tax Code assumes appearance. Put simply, it is not a question of *whether* the taxpayer must appear, but rather *how* the taxpayer will make its appearance. As this court stated in *National Surety Corp. v. Ladd*, 131 Tex. 295, 115 S.W.2d 600, 602 (1938), "[i]n many cases the word 'may' has been construed to mean 'shall' and vice versa. The rule is governed by the intention expressed in the statute."

The Hotel further argues that the requirement of an affidavit subverts the definition of "sufficiency of protest" in section 41.44(d)[1]. We disagree. The Board must

---

1. Section 41.44(d) of the Property Tax Code states:

A notice of protest is sufficient if it identifies the protesting property owner, including a person claiming an ownership interest in the property even if that person is not listed on the appraisal records as an owner of the property, identifies the property that is the subject of the protest, and indicates apparent dissatisfaction with some determination of the appraisal office. The notice need not be on an official form, but the State Property Tax Board shall prescribe a form that provides for more detail about the nature of the protest. The form must permit the property owner to include each property in the appraisal district

have evidence before it from which it can determine if the property was overvalued. The protest itself merely initiates the process while the affidavit or appearance provides the evidence on which the protest will be determined. If the taxpayer presents no evidence, the appraisal review board has nothing before it on which to make a determination, which is a prerequisite to judicial review.

The Hotel argues that *Keggereis v. Dallas Central Appraisal District,* 749 S.W.2d 516 (Tex.App.—Dallas 1988, no writ), implicitly states that appearance is neither required nor jurisdictional. According to the Hotel, the right to a hearing belongs to the taxpayer and may be waived or exercised only by the taxpayer, not the government. "Due process simply affords a right to be heard before final assessment; it does not detail the review." *Id.* at 518. The Hotel argues that the proper emphasis is on the latter phrase, "it does not detail the review." *Id.* While the Hotel accurately quotes *Keggereis,* its emphasis is misplaced. *Keggereis* noted that any denial of a hearing was rectified by a trial de novo. The Hotel was not denied a hearing; on the contrary, a hearing was properly scheduled and the Hotel chose not to appear.

In *Keggereis,* the taxpayers appealed from a summary judgment in favor of the Dallas Central Appraisal District and the Appraisal Review Board based on their failure to exhaust their administrative remedies under the Property Tax Code [2]. The taxpayers filed a *timely protest* with the Board and appeared personally at the hearing (a key distinction). They complained that the Board denied them the opportunity to testify and present evidence regarding the tax exempt status of their property and that this denial was tantamount to a denial of due process. The taxpayers argued that this denial entitled them to proceed directly to district court for trial de novo without

the necessity of exhausting all administrative remedies. The court of appeals held that the taxpayers' failure to comply with the administrative review procedures of the Code constituted a failure to exhaust administrative remedies and therefore their cause of action was precluded in the district court. *Id.* at 519. Rather than support the Hotel's position, *Keggereis* supports the position of the District and the Board.

The ultimate effect of accepting the Hotel's position would be the emasculation of the administrative hearing process. Filing a protest would become merely one more hoop to jump through before appealing to district court. It would not be inconceivable for a taxpayer to file a protest with the appraisal review board and simultaneously file a petition in district court based on the alleged overevaluation. By requesting a trial date after the review board's hearing, the taxpayer could merely amend his petition to reflect the board's decision if the protest was denied, or dismiss the suit if the protest was granted. The intent of the administrative review process is to resolve the majority of tax protests at this level, thereby relieving the burden on the court system. *See Dallas County Appraisal District v. Lal,* 701 S.W.2d 44, 47 (Tex.App. —Dallas 1985, writ ref'd n.r.e.). The corollary to this rule is that judicial review of administrative orders is not available unless all administrative remedies have been pursued to the fullest extent. *City of Sherman v. Public Utility Commission,* 643 S.W.2d 681, 683 (Tex.1983).

It must be presumed that the legislature would not do a useless act. *Hunter v. Fort Worth Capital Corp.,* 620 S.W.2d 547, 551 (Tex.1981); *see also, TEX.GOV'T CODE ANN. § 311.021 (Vernon 1988).* However, if the taxpayer is not required to appear at the protest hearing in order to appeal to district court, the administrative hearing process would become useless.

that is the subject of a protest. The State Property Tax Board, each appraisal office, and each appraisal review board shall make the forms readily available and deliver one to a property owner on request.

TEX.TAX CODE ANN. § 41.44(d) (Vernon Supp.1990).

**2.** All provisions of the Property Tax Code are contained in TEX.TAX CODE ANN. (Vernon 1982).

We hold that taxpayers contesting property valuation must appear, either personally, by representative, or by affidavit, at the protest hearing as a prerequisite to an appeal to district court.[3]

For the reasons stated herein, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Dissenting opinion by HECHT, J., joined by PHILLIPS, C.J.

HECHT, Justice, dissenting.

I dissent. Once again the Court, unassisted by precedent or logic, rewrites a statute to its own liking. Taxpayers with the temerity to protest the valuation of their property by trying to follow the statutory rules, without the benefit and expense of expert legal counsel, are in for a cruel surprise. Only the very shrewd are likely to suspect that a statute which says that a taxpayer is entitled to an administrative hearing tacitly mandates that the taxpayer attend that hearing or give up the right to judicial review of the protested property valuation. To play so sharply with the rules governing tax protests is unfair and unjust.

The scant record in this case presents a rather skeletal set of facts. The Webb County Appraisal District valued the real property involved in this case at $4,648,638 for 1987. New Laredo Hotel, Inc. bought the property on June 2, 1987, for $3,000,-000. On June 12, the Hotel's agent, who was not an attorney, wrote to the District's Chief Appraiser protesting the excessive valuation. Enclosed with the protest was an unsworn copy of a closing statement substantiating the Hotel's purchase of the property for $3,000,000. The District received the Hotel's timely protest and closing statement on June 15, and the same day mailed a notice that the protest would be heard by the Appraisal Review Board on June 30. The notice stated curtly, "You will be allowed 15 minutes at this hearing to present any evidence relevant to the issue being appealed...." The Hotel's agent received the notice of hearing on June 19, eleven days before the date set for the hearing. The Hotel's agent contacted the District and requested that the hearing be rescheduled because of conflicting hearings already scheduled by other taxing authorities, but the District refused to reschedule the hearing. Because the agent was required to attend other hearings scheduled at the same time, and because he erroneously believed that he was entitled to fifteen days' actual notice of the hearing,[1] he did not attend the hearing in Webb County. The Appraisal Review Board denied the Hotel's protest based solely upon the Hotel's failure to appear at the hearing.

---

**3.** The decision of this court, that a taxpayer is required to appear at the protest hearing, is intended to apply to all protest hearings. Section 41.41 of the Tax Code provides:

A property owner is entitled to protest before the appraisal review board the following actions:

(1) determination of the appraised value of the owner's property or, in the case of land appraised as provided by Subchapter C, D, or E, Chapter 23, determination of its appraised or market value;

(2) unequal appraisal of the owner's property;

(3) inclusion of the owner's property on the appraisal records;

(4) denial to the property owner in whole or in part of a partial exemption;

(5) determination that the owner's land does not qualify for appraisal as provided by Subchapter C, D, or E, Chapter 23;

(6) identification of the taxing units in which the owner's property is taxable in the case of the appraisal district's appraisal roll;

(7) determination that the property owner is the owner of property;

(8) a determination that a change in use of land appraised under Subchapter C, D, or E, Chapter 23, has occurred; or

(9) any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner.

TEX.TAX CODE ANN. § 41.41 (Vernon Supp. 1990).

**1.** Section 41.46 of the Texas Tax Code requires the Appraisal Review Board to "deliver" written notice of the date, time and place of the hearing on the protest to the property owner not later than the fifteenth day before the date of hearing. However, section 1.07 of the code permits such notices to be sent by first class mail and states that they are "delivered" when deposited in the mail.

The Hotel petitioned the district court for review of the Board's ruling. The district court granted the District's motion to dismiss the action for want of jurisdiction. The court of appeals reversed the judgment of the district court and remanded the case for consideration of the merits.

The Court holds that because the Hotel failed to appear at the hearing on its protest of the valuation of its property, it is prohibited from obtaining judicial review of that valuation.[2] The Court appears to rest its holding on two bases, the pertinent statutory language, and the general rule that administrative remedies must be exhausted before judicial review is available. Neither supports the Court's decision.

The Court acknowledges that the determinative statutory provision is section 41.-45(b) of the Texas Tax Code, which states in pertinent part:

> The property owner ... *is entitled to an opportunity to appear* to offer evidence or argument. The property owner may offer his evidence or argument by affidavit without personally appearing....

(Emphasis added.) Rather plainly, this language extends a right or privilege to taxpayers without imposing any obligation that it be exercised. This is even more apparent when the quoted language is compared with section 41.45(c), only a few lines down, which states: "The chief appraiser *shall appear* at each protest hearing...." (Emphasis added.)

The Court rewrites section 41.45(b) to state:

> The property owner ... *must appear* to offer evidence or argument, or offer his evidence or argument by affidavit without personally appearing.

This is not merely a clarification of some ambiguous language; it is a complete change in the meaning of the provision.

The sole justification the Court offers for its revisionist interpretation of this statute is that "may" can sometimes mean "shall".

The rather conspicuous deficit in the Court's logic is that changing the only "may" in the pertinent language of section 41.45(b) to "shall" would make an affidavit necessary but not an appearance. The alchemic challenge facing the Court is not turning "may" into "shall", but turning "is entitled to an opportunity to appear" into "must appear". The Court offers no authority for such an abuse of plain language, and I know of none.

The Court concludes "that taxpayers contesting property valuation must appear, either personally, by representative, or by affidavit, at the protest hearing...." At 955. This statement is a blatant amendment of section 41.66(c) of the Tax Code which states: "A property owner who is entitled as provided by this chapter to appear at a hearing may appear by himself or by his agent." The Court changes "may" to "must" and then adds, before the period, the words, "or by affidavit". Again, the Court has not merely sought to explain the real meaning of obscure words; it has unabashedly changed and added words to effect the meaning the Court feels the statute should have.

The Court alludes to the principle that available administrative remedies are to be exhausted before recourse may be had to judicial review of an agency decision. Without analyzing whether and how this complex and not at all well-settled rule may apply in this case,[3] the Court simply concludes that mandating the taxpayer's appearance at a protest hearing is necessary to prevent "the emasculation of the administrative hearing process." At 955. The Court reasons that without the taxpayer's appearance at such a hearing, the taxing agency is denied the opportunity to resolve the protest prior to judicial review. The fallacy in the Court's reasoning is that its holding in this case does not prevent the problem it seeks to avoid. The Court does not require the taxpayer to proffer to the Appraisal Review Board all his evidence in

---

**2.** This is the only issue raised in this Court. The District does not contend that the Hotel failed to comply with any other procedural requirements for judicial review, and the Hotel does not argue

that it was entitled to a rescheduling of the protest hearing.

**3.** *See, generally, e.g.,* K. DAVIS, ADMINISTRATIVE LAW TREATISE ch. 26, at 413–481 (1983).

support of his protest. Indeed, the taxpayer need not say anything at all in support of his position.[4] The Court would not even require him to appear personally, but recognizes that the statute allows a taxpayer to appear through an agent. All the Court has mandated as a prerequisite to judicial review is an appearance by the taxpayer at the protest hearing.

I find the policy which seems to motivate the Court hard to grasp. If a taxpayer attends a hearing on his protest, says nothing and leaves, he is entitled to judicial review of the Board's decision. Even if he sends an agent on his behalf who knows nothing of the substance of the protest, he is still entitled to judicial review. But if he does not attend the hearing, regardless of the reason (short notice, conflicting hearings by other taxing authorities, refusal of the Board to reschedule), he is cut off from judicial review. If he sends the Board a verified closing statement showing a recent sale of the subject property, but does not appear at the hearing, he may appeal the Board's adverse ruling to the district court. If he sends an unverified copy of the same document, he cannot appeal. If there is some consistent rationale underlying all this, I fail to see it. Surely, the Court has hardly improved upon the statutory requirements for judicial review.

**4.** This is consistent with the taxpayer's right to judicial review by trial de novo, as provided by section 42.23(a) of the Tax Code.

The Court's decision today creates a trap for unwary taxpayers and contributes to the expense a prudent citizen must bear to assert his rights. Although the Court has little difficulty in arriving at its conclusion, I doubt seriously whether a taxpayer who tries to understand what is required of him to protest an excessive valuation of his property without costing himself more in the process than he is likely to save will ever see in the language of the statute the requirement the Court imposes today. If he does not subscribe to and study the Court's opinions, he had better hire someone who does to represent him.

I would hold that the district court has jurisdiction to review the decision of the Webb County Appraisal Review Board, and would therefore affirm the judgment of the court of appeals. Accordingly, I dissent.

PHILLIPS, C.J., joins in this dissenting opinion.