TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00217-CV






Unified Housing of Parkside Crossing, LLC, Appellant


v.


Appraisal Review Board of Williamson County, Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT

NO. 08-372-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING





M E M O R A N D U M O P I N I ON



 Appellant Unified Housing of Parkside Crossing, LLC ("Unified"), a property owner
subject to the taxing authority of the Williamson County Appraisal District, sued appellee the
Appraisal Review Board of Williamson County, Texas ("the Board"), seeking a declaration that
Unified was entitled to a hearing on its tax protest. The Board filed a plea to the jurisdiction,
asserting that the court lacked subject-matter jurisdiction because Unified's petition for review in
the trial court was untimely filed. The trial court granted the Board's plea and dismissed the cause. 
Unified appeals in a single issue, asserting that the trial court had jurisdiction over its suit because
the tax code's petition-for-review deadlines do not apply to suits brought to enforce a tax protestor's
right to a hearing before the Board. We will affirm the trial court's order.


FACTUAL AND PROCEDURAL BACKGROUND

 Unified owns an apartment complex in Travis County. Its location within the
boundaries of the Round Rock Independent School District means that it is also subject to the
Williamson County Appraisal District's taxing authority. Unified filed a request for a section 11.182
property-tax exemption for 2005. (1) See Tex. Tax Code Ann. § 11.182 (West 2008) (exemption for
certain property owned by community housing development organizations). The Board denied its
application, and Unified filed a timely notice of protest. In the protest letter, Unified's attorney listed
"black-out" dates during which he would be unavailable to attend a hearing and asked that the
hearing not be scheduled on those dates.

 By letter dated June 3, 2005, the Board set Unified's protest hearing for
June 16, 2005, a date that, according to Unified's letter, its attorney was available. As it happened,
Unified's attorney had separate business in Washington, D.C. on that day, and Unified's president
was to be out of the country on a long-scheduled vacation. In an effort to reschedule, Unified's
attorney telephoned the Board on June 6, 2005, requesting a postponement. Unified alleged that,
upon telephoning the Board, "counsel [for Unified] was told that rescheduling would be 'no
problem,' and he should simply put the request for a rescheduled hearing in writing, and it would
be routinely granted." On June 10, 2005, Unified's attorney faxed such a request to the Board. On
June 14, 2005, the Board telephoned Unified's attorney's office to inform him that it had denied
Unified's request to postpone the hearing. Unified alleged that


[c]ounsel for [Unified] called and spoke to a representative of [the Board], who
informed him that whoever had told him that the hearing would be rescheduled had
assumed that the conflict was another [appraisal review board] hearing, and that
"other business" did not qualify for rescheduling under Williamson County rules.



The Board held Unified's hearing as previously scheduled. When no one appeared on Unified's
behalf nor submitted affidavits in lieu of a live appearance, the Board dismissed Unified's protest.

 In March 2006, Unified filed its first petition for declaratory judgment in Williamson
County District Court. Unified requested the following relief:


[Unified] hereby seeks a declaratory judgment that [Unified] and its counsel were
entitled to rely upon the representation of [the Board] regarding the routine nature of
the request for rescheduling of the hearing, and that [Unified] is entitled to a hearing
on such protest.



The record indicates that Unified's first suit was dismissed for want of prosecution on
November 2, 2007. On May 14, 2008, Unified filed its second petition--a nearly identical document
to its first petition--requesting the same relief. The Board filed a plea to the jurisdiction, asserting
that the tax code requires that a suit for judicial review be filed within 45 days of the Board's final
order. It argued that Unified's failure to timely file its petition means that the trial court
lacked subject-matter jurisdiction to hear the suit. The court granted the Board's motion, and
Unified appealed.


STANDARD OF REVIEW

 Whether a court has subject-matter jurisdiction is a question of law, which we review
de novo. Texas Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004). When
reviewing a grant or denial of a plea to the jurisdiction, we consider the plaintiff's pleadings,
construed in favor of the plaintiff, and any evidence relevant to jurisdiction without considering the
merits of the claim beyond the extent necessary to determine jurisdiction. Id. at 226-27; County of
Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). In a challenge to the pleadings, we determine
if the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction. Miranda,
133 S.W.3d at 226.


DISCUSSION

 In its sole issue on appeal, Unified asserts that the trial court erred when it granted
the Board's plea to the jurisdiction. Unified argues that the


Texas Tax Code does not require that a suit filed to enforce the rights of a taxpayer
to a hearing to which it is entitled under Sec. 41.45 be filed within forty five (45)
days of the date of an Appraisal Review Board Order. Moreover, no final Appraisal
Review Board order was ever issued because no hearing was ever conducted, and the
suit made the subject of this appeal was the very suit to force the Appraisal Review
Board to grant Appellant a hearing.



The Board responds that Unified's declaratory-judgment suit, which does not invoke section 41.45
of the tax code, is an attempt to sidestep the mandatory judicial-review processes and deadlines in
the tax code. It asserts that Unified's declaratory-judgment suit is not a proper petition to compel
a hearing and that, even if it was, Unified's suit is time barred. The Board also argues that Unified
failed to exhaust its administrative remedies because it did not appear or submit evidence for
consideration at the June 16, 2005 hearing. We find the Board's arguments regarding timeliness and
failure to exhaust administrative remedies persuasive and will discuss them in that order.


Timely Filing Is Prerequisite to Trial Court's Jurisdiction

 Determining whether Unified's petition is time barred requires us to construe multiple
provisions of the tax code. When construing a statute, our objective is to determine legislative
intent. Mid-Century Ins. Co. v. Ademaj, 243 S.W.3d 618, 621 (Tex. 2007). We look to the statute's
plain meaning and construe it as a whole to give effect to every part. Id.

 Unified asserts that its suit for declaratory judgment is a "petition to compel a
hearing" brought pursuant to tax code section 41.45(f). Section 41.45(f) provides that 


A property owner who has been denied a hearing to which the property owner is
entitled under this chapter may bring suit against the appraisal review board by filing
a petition or application in district court to compel the board to provide the hearing.
If the property owner is entitled to the hearing, the court shall order the hearing to be
held and may award court costs and reasonable attorney fees to the property owner.


Tex. Tax Code Ann. § 41.45(f) (West Supp. 2009). (2) There is no explicit deadline for filing a suit
under section 41.45(f). Reading the statute as a whole, however, we are required to construe
section 41.45(f) in light of the exclusive judicial-review provisions in chapter 42 of the tax code. 
Section 42.01 provides: "A property owner is entitled to appeal . . . an order of the appraisal review
board determining . . . a protest by the property owner as provided by Subchapter C of
Chapter 41[, the taxpayer-protest subchapter] . . . ." Id. § 42.01 (West 2008). Before it was amended
in 2009, section 42.21(a) provided:


A party who appeals as provided by this chapter must file a petition for review with
the district court within 45 days after the party received notice that a final order has
been entered from which an appeal may be had. Failure to timely file a petition bars
any appeal under this chapter. 



Act of May 26, 1979, 66th Leg., R.S., ch. 841, § 1, 1979 Tex. Gen. Laws 2217, 2311 (hereinafter
"former Tex. Tax Code § 42.21(a)"). (3) Failure to file a petition for judicial review within 45 days of
receiving notice deprives the district court of subject-matter jurisdiction. Cameron Appraisal Dist.
v. Rourk, 194 S.W.3d 501, 502 (Tex. 2006) (per curiam) ("Administrative decisions are final if not
appealed to the district court within 45 days. . . . [W]e have repeatedly held that 'a taxpayer's failure
to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most
matters relating to ad valorem taxes.'" (quoting Matagorda County Appraisal Dist. v. Coastal
Liquids Partners, L.P., 165 S.W.3d 329, 331 (Tex. 2005))).

 Assuming, as Unified asserts, that its petition here is a section 41.45(f) suit, we
conclude that it is barred by the tax code's 45-day deadline for filing a petition for review. See
former Tex. Tax Code § 42.21(a); see also Appraisal Review Bd. of Harris County Appraisal Dist.
v. O'Connor & Assocs., 267 S.W.3d 413, 418 (Tex. App--Houston [14th Dist.] 2008, no pet.);
Appraisal Review Bd. of Harris County Appraisal Dist. v. Spencer Square, Ltd, 252 S.W.3d 842, 845
(Tex. App.--Houston [14th Dist.] 2008, no pet.). In O'Connor & Associates, the court rejected
a virtually identical argument to Unified's with respect to the interplay of the tax code's
judicial-review provisions and section 41.45(f). 267 S.W.3d at 418. The court held that 


Chapter 42 [of the tax code] provides an administrative remedy to property owners
who claim they did not receive a properly conducted hearing by allowing the property
owner to obtain de novo review by timely filing suit in district court. Adopting the
Taxpayers' interpretation of section 41.45(f) would allow property owners to
circumvent the appeal provisions in chapter 42 and sue in district court simply by
alleging the Board failed to adhere to procedural guidelines. Interpreting section
41.45(f) as creating another avenue of appeal to the district court would essentially
render the appeal provisions in chapter 42 meaningless.



Id. (citations omitted). We concur. There is no way to read section 41.45(f) as Unified suggests
without undermining the exclusive-appeal provisions of chapter 42. Such a reading would be
contrary to legislative intent. See id.; Spencer Square, Ltd, 252 S.W.3d at 845. In short, we find it
unlikely that the legislature intended for section 41.45(f) to wedge the back door of the courthouse
permanently ajar after chapter 42 firmly locked the front.

 Unified argues that the dismissal order in the present case is not "an order of the
appraisal review board determining . . . a protest by the property owner" because the Board never
rendered a decision on the merits of Unified's protest. See Tex. Tax Code Ann. § 42.01. We are
unpersuaded by this argument. The statutory language is broad enough to encompass dismissals as
well as determinations on the merits. Indeed, the Board's dismissal of Unified's protest here is
tantamount to a denial, as it had exactly the same effect on Unified's tax bill. Cf. Webb County
Appraisal Dist. v. New Laredo Hotel, Inc., 792 S.W.2d 952, 953 (Tex. 1990) (tax-protest petitioner
failed to attend hearing and order was entered denying the protest, which had effect of leaving prior
valuation unchanged). Even assuming the Board's dismissal order was insufficient to start the
45-day clock ticking, the court still lacked jurisdiction over Unified's suit because Unified failed to
exhaust its administrative remedies.


Failure to Exhaust Administrative Remedies

 Unified argues that "no hearing was ever conducted." Unified's own statement at the
hearing on the Board's plea to the jurisdiction, however, contradicts this position. Unified admitted
to the trial court that "[the Board] called [the hearing] and, when nobody appeared, they dismissed
the action." The tax code does not guarantee that a petitioner's personal appearance must take place. 
It merely states that "[o]n the filing of a notice [of protest], the appraisal review board shall schedule
a hearing on the protest," Tex. Tax Code Ann. § 41.45(a) (West Supp. 2009), and that "[t]he property
owner initiating the protest is entitled to an opportunity to appear to offer evidence or argument,"
id. § 41.45(b) (emphasis added).

 "'[A] taxpayer's failure to pursue an appraisal review board proceeding deprives the
courts of jurisdiction to decide most matters relating to ad valorem taxes.'" Rourk, 194 S.W.3d at
502 (quoting Coastal Liquids Partners, L.P., 165 S.W.3d at 331). Appearance at a scheduled
hearing in person, through a representative, or by means of an affidavit is mandatory to exhausting
one's administrative remedies. New Laredo Hotel, 792 S.W.2d at 953. "Put simply, it is not a
question of whether the taxpayer must appear, but rather how the taxpayer will make its appearance." 
Id. (emphasis in original). Filing "[t]he protest itself merely initiates the process while the affidavit
or appearance provides the evidence on which the protest will be determined. If the taxpayer
presents no evidence, the appraisal review board has nothing before it on which to make a
determination, which is a prerequisite to judicial review." Id. at 954. 

 Although Unified argues that the Board's conduct effectively prevented it from
having an opportunity to be heard, Unified admitted on the record that "[the Board] called [the
hearing]" and "nobody appeared." Accordingly, we hold that, as a matter of law, Unified received
an opportunity to be heard and failed to avail itself of that opportunity. Because it failed to appear,
Unified has not exhausted its administrative remedies. See id. at 953. Consequently, the trial court
had no jurisdiction over Unified's suit. Id.


CONCLUSION

 We hold that Unified's petition was subject to the tax code's 45-day filing deadline. 
As such, it was untimely filed. Because timely filing is a prerequisite to the trial court's
subject-matter jurisdiction, the court lacked jurisdiction here. In addition, we hold that the court
lacked subject-matter jurisdiction because Unified failed to exhaust its administrative remedies. We
affirm the trial court's order.



 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: May 26, 2010
1. The parties disagree as to which tax years are at issue. Unified asserts that tax years
2004 and 2005 are affected by this appeal, whereas the Board asserts that only 2005 is at issue here. 
The record indicates that Unified's protest applied only to 2005, as its letter of protest pertains to
Unified's "2005 Tax Code Sec. 11.82 Tax Exemption Application."
2. We note that, effective June 1, 2009, portions of section 41.45 were amended to, among
other things, include a definition of "good cause" for the postponement of a tax-protest hearing and
makes such postponement mandatory if the protestor shows good cause. See Act of May 31, 2009,
81st Leg., R.S., ch. 1267, § 4, 2009 Tex. Gen. Laws 4008, 4011. This change in the law does not
affect the present case because it applies only to "a postponement . . . that is requested on or after
the effective date of this act [June 1, 2009]." Id. § 8.
3. Effective June 19, 2009, the deadline for filing a petition for review was lengthened from
45 days to 60 days after a final order is entered. See Act of May 29, 2009, 81st Leg., R.S., ch. 905,
§§ 1, 5, 2009 Tex. Gen. Laws 2435, 2435-36 (current version at Tex. Tax Code Ann. § 42.21(a)
(West Supp. 2009)). The amendment also allows a tax protestor to file its petition for review "at any
time after the hearing but before the 60-day deadline." Id. The present case is not affected by this
change in the law.