# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00217-CV

**Unified Housing of Parkside Crossing, LLC, Appellant**

**v.**

**Appraisal Review Board of Williamson County, Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 08-372-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I ON

Appellant Unified Housing of Parkside Crossing, LLC ("Unified"), a property owner subject to the taxing authority of the Williamson County Appraisal District, sued appellee the Appraisal Review Board of Williamson County, Texas ("the Board"), seeking a declaration that Unified was entitled to a hearing on its tax protest. The Board filed a plea to the jurisdiction, asserting that the court lacked subject-matter jurisdiction because Unified's petition for review in the trial court was untimely filed. The trial court granted the Board's plea and dismissed the cause. Unified appeals in a single issue, asserting that the trial court had jurisdiction over its suit because the tax code's petition-for-review deadlines do not apply to suits brought to enforce a tax protestor's right to a hearing before the Board. We will affirm the trial court's order.

**FACTUAL AND PROCEDURAL BACKGROUND**

Unified owns an apartment complex in Travis County. Its location within the boundaries of the Round Rock Independent School District means that it is also subject to the Williamson County Appraisal District's taxing authority. Unified filed a request for a section 11.182 property-tax exemption for 2005.[1] *See* Tex. Tax Code Ann. § 11.182 (West 2008) (exemption for certain property owned by community housing development organizations). The Board denied its application, and Unified filed a timely notice of protest. In the protest letter, Unified's attorney listed "black-out" dates during which he would be unavailable to attend a hearing and asked that the hearing not be scheduled on those dates.

By letter dated June 3, 2005, the Board set Unified's protest hearing for June 16, 2005, a date that, according to Unified's letter, its attorney was available. As it happened, Unified's attorney had separate business in Washington, D.C. on that day, and Unified's president was to be out of the country on a long-scheduled vacation. In an effort to reschedule, Unified's attorney telephoned the Board on June 6, 2005, requesting a postponement. Unified alleged that, upon telephoning the Board, "counsel [for Unified] was told that rescheduling would be 'no problem,' and he should simply put the request for a rescheduled hearing in writing, and it would be routinely granted." On June 10, 2005, Unified's attorney faxed such a request to the Board. On

---

[1] The parties disagree as to which tax years are at issue. Unified asserts that tax years 2004 and 2005 are affected by this appeal, whereas the Board asserts that only 2005 is at issue here. The record indicates that Unified's protest applied only to 2005, as its letter of protest pertains to Unified's "2005 Tax Code Sec. 11.82 Tax Exemption Application."

June 14, 2005, the Board telephoned Unified's attorney's office to inform him that it had denied

Unified's request to postpone the hearing. Unified alleged that

> [c]ounsel for [Unified] called and spoke to a representative of [the Board], who informed him that whoever had told him that the hearing would be rescheduled had assumed that the conflict was another [appraisal review board] hearing, and that "other business" did not qualify for rescheduling under Williamson County rules.

The Board held Unified's hearing as previously scheduled. When no one appeared on Unified's behalf nor submitted affidavits in lieu of a live appearance, the Board dismissed Unified's protest.

In March 2006, Unified filed its first petition for declaratory judgment in Williamson County District Court. Unified requested the following relief:

> [Unified] hereby seeks a declaratory judgment that [Unified] and its counsel were entitled to rely upon the representation of [the Board] regarding the routine nature of the request for rescheduling of the hearing, and that [Unified] is entitled to a hearing on such protest.

The record indicates that Unified's first suit was dismissed for want of prosecution on November 2, 2007. On May 14, 2008, Unified filed its second petition—a nearly identical document to its first petition—requesting the same relief. The Board filed a plea to the jurisdiction, asserting that the tax code requires that a suit for judicial review be filed within 45 days of the Board's final order. It argued that Unified's failure to timely file its petition means that the trial court lacked subject-matter jurisdiction to hear the suit. The court granted the Board's motion, and Unified appealed.

3

## STANDARD OF REVIEW

Whether a court has subject-matter jurisdiction is a question of law, which we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). When reviewing a grant or denial of a plea to the jurisdiction, we consider the plaintiff's pleadings, construed in favor of the plaintiff, and any evidence relevant to jurisdiction without considering the merits of the claim beyond the extent necessary to determine jurisdiction. *Id.* at 226-27; *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). In a challenge to the pleadings, we determine if the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction. *Miranda*, 133 S.W.3d at 226.

## DISCUSSION

In its sole issue on appeal, Unified asserts that the trial court erred when it granted the Board's plea to the jurisdiction. Unified argues that the

> Texas Tax Code does not require that a suit filed to enforce the rights of a taxpayer to a hearing to which it is entitled under Sec. 41.45 be filed within forty five (45) days of the date of an Appraisal Review Board Order. Moreover, no final Appraisal Review Board order was ever issued because no hearing was ever conducted, and the suit made the subject of this appeal was the very suit to force the Appraisal Review Board to grant Appellant a hearing.

The Board responds that Unified's declaratory-judgment suit, which does not invoke section 41.45 of the tax code, is an attempt to sidestep the mandatory judicial-review processes and deadlines in the tax code. It asserts that Unified's declaratory-judgment suit is not a proper petition to compel a hearing and that, even if it was, Unified's suit is time barred. The Board also argues that Unified

4

failed to exhaust its administrative remedies because it did not appear or submit evidence for consideration at the June 16, 2005 hearing. We find the Board's arguments regarding timeliness and failure to exhaust administrative remedies persuasive and will discuss them in that order.

### *Timely Filing Is Prerequisite to Trial Court's Jurisdiction*

Determining whether Unified's petition is time barred requires us to construe multiple provisions of the tax code. When construing a statute, our objective is to determine legislative intent. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). We look to the statute's plain meaning and construe it as a whole to give effect to every part. *Id.*

Unified asserts that its suit for declaratory judgment is a "petition to compel a hearing" brought pursuant to tax code section 41.45(f). Section 41.45(f) provides that

> A property owner who has been denied a hearing to which the property owner is entitled under this chapter may bring suit against the appraisal review board by filing a petition or application in district court to compel the board to provide the hearing. If the property owner is entitled to the hearing, the court shall order the hearing to be held and may award court costs and reasonable attorney fees to the property owner.

Tex. Tax Code Ann. § 41.45(f) (West Supp. 2009).[2] There is no explicit deadline for filing a suit under section 41.45(f). Reading the statute as a whole, however, we are required to construe section 41.45(f) in light of the exclusive judicial-review provisions in chapter 42 of the tax code.

---

[2] We note that, effective June 1, 2009, portions of section 41.45 were amended to, among other things, include a definition of "good cause" for the postponement of a tax-protest hearing and makes such postponement mandatory if the protestor shows good cause. *See* Act of May 31, 2009, 81st Leg., R.S., ch. 1267, § 4, 2009 Tex. Gen. Laws 4008, 4011. This change in the law does not affect the present case because it applies only to "a postponement . . . that is requested on or after the effective date of this act [June 1, 2009]." *Id.* § 8.

Section 42.01 provides: "A property owner is entitled to appeal . . . an order of the appraisal review board determining . . . a protest by the property owner as provided by Subchapter C of Chapter 41[, the taxpayer-protest subchapter] . . . ." *Id.* § 42.01 (West 2008). Before it was amended in 2009, section 42.21(a) provided:

> A party who appeals as provided by this chapter must file a petition for review with the district court within 45 days after the party received notice that a final order has been entered from which an appeal may be had. Failure to timely file a petition bars any appeal under this chapter.

Act of May 26, 1979, 66th Leg., R.S., ch. 841, § 1, 1979 Tex. Gen. Laws 2217, 2311 (hereinafter "former Tex. Tax Code § 42.21(a)").[3] Failure to file a petition for judicial review within 45 days of receiving notice deprives the district court of subject-matter jurisdiction. *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (per curiam) ("Administrative decisions are final if not appealed to the district court within 45 days. . . . [W]e have repeatedly held that 'a taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes.'" (quoting *Matagorda County Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 331 (Tex. 2005))).

Assuming, as Unified asserts, that its petition here is a section 41.45(f) suit, we conclude that it is barred by the tax code's 45-day deadline for filing a petition for review. *See*

---

[3] Effective June 19, 2009, the deadline for filing a petition for review was lengthened from 45 days to 60 days after a final order is entered. *See* Act of May 29, 2009, 81st Leg., R.S., ch. 905, §§ 1, 5, 2009 Tex. Gen. Laws 2435, 2435-36 (current version at Tex. Tax Code Ann. § 42.21(a) (West Supp. 2009)). The amendment also allows a tax protestor to file its petition for review "at any time after the hearing but before the 60-day deadline." *Id.* The present case is not affected by this change in the law.

former Tex. Tax Code § 42.21(a); *see also Appraisal Review Bd. of Harris County Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413, 418 (Tex. App—Houston [14th Dist.] 2008, no pet.); *Appraisal Review Bd. of Harris County Appraisal Dist. v. Spencer Square, Ltd*, 252 S.W.3d 842, 845 (Tex. App.—Houston [14th Dist.] 2008, no pet.). In *O'Connor & Associates*, the court rejected a virtually identical argument to Unified's with respect to the interplay of the tax code's judicial-review provisions and section 41.45(f). 267 S.W.3d at 418. The court held that

> Chapter 42 [of the tax code] provides an administrative remedy to property owners who claim they did not receive a properly conducted hearing by allowing the property owner to obtain de novo review by timely filing suit in district court. Adopting the Taxpayers' interpretation of section 41.45(f) would allow property owners to circumvent the appeal provisions in chapter 42 and sue in district court simply by alleging the Board failed to adhere to procedural guidelines. Interpreting section 41.45(f) as creating another avenue of appeal to the district court would essentially render the appeal provisions in chapter 42 meaningless.

*Id.* (citations omitted). We concur. There is no way to read section 41.45(f) as Unified suggests without undermining the exclusive-appeal provisions of chapter 42. Such a reading would be contrary to legislative intent. *See id.*; *Spencer Square, Ltd*, 252 S.W.3d at 845. In short, we find it unlikely that the legislature intended for section 41.45(f) to wedge the back door of the courthouse permanently ajar after chapter 42 firmly locked the front.

Unified argues that the dismissal order in the present case is not "an order of the appraisal review board determining . . . a protest by the property owner" because the Board never rendered a decision on the *merits* of Unified's protest. *See* Tex. Tax Code Ann. § 42.01. We are unpersuaded by this argument. The statutory language is broad enough to encompass dismissals as well as determinations on the merits. Indeed, the Board's dismissal of Unified's protest here is

tantamount to a denial, as it had exactly the same effect on Unified's tax bill. *Cf. Webb County Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 953 (Tex. 1990) (tax-protest petitioner failed to attend hearing and order was entered denying the protest, which had effect of leaving prior valuation unchanged). Even assuming the Board's dismissal order was insufficient to start the 45-day clock ticking, the court still lacked jurisdiction over Unified's suit because Unified failed to exhaust its administrative remedies.

### Failure to Exhaust Administrative Remedies

Unified argues that "no hearing was ever conducted." Unified's own statement at the hearing on the Board's plea to the jurisdiction, however, contradicts this position. Unified admitted to the trial court that "[the Board] called [the hearing] and, when nobody appeared, they dismissed the action." The tax code does not guarantee that a petitioner's personal appearance must take place. It merely states that "[o]n the filing of a notice [of protest], the appraisal review board shall schedule a hearing on the protest," Tex. Tax Code Ann. § 41.45(a) (West Supp. 2009), and that "[t]he property owner initiating the protest is entitled to an *opportunity to appear* to offer evidence or argument," *id.* § 41.45(b) (emphasis added).

"'[A] taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes.'" *Rourk*, 194 S.W.3d at 502 (quoting *Coastal Liquids Partners, L.P.*, 165 S.W.3d at 331). Appearance at a scheduled hearing in person, through a representative, or by means of an affidavit is mandatory to exhausting one's administrative remedies. *New Laredo Hotel*, 792 S.W.2d at 953. "Put simply, it is not a question of *whether* the taxpayer must appear, but rather *how* the taxpayer will make its appearance."

8

*Id.* (emphasis in original). Filing "[t]he protest itself merely initiates the process while the affidavit or appearance provides the evidence on which the protest will be determined. If the taxpayer presents no evidence, the appraisal review board has nothing before it on which to make a determination, which is a prerequisite to judicial review." *Id.* at 954.

Although Unified argues that the Board's conduct effectively prevented it from having an opportunity to be heard, Unified admitted on the record that "[the Board] called [the hearing]" and "nobody appeared." Accordingly, we hold that, as a matter of law, Unified received an opportunity to be heard and failed to avail itself of that opportunity. Because it failed to appear, Unified has not exhausted its administrative remedies. *See id.* at 953. Consequently, the trial court had no jurisdiction over Unified's suit. *Id.*

## CONCLUSION

We hold that Unified's petition was subject to the tax code's 45-day filing deadline. As such, it was untimely filed. Because timely filing is a prerequisite to the trial court's subject-matter jurisdiction, the court lacked jurisdiction here. In addition, we hold that the court lacked subject-matter jurisdiction because Unified failed to exhaust its administrative remedies. We affirm the trial court's order.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed:   May 26, 2010