**AFFIRMED; Opinion Filed December 6, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01048-CV

## WILLIAM CHARLES BUNDREN, KAREN BUNDREN, AND WILLIAM MARK BUNDREN, Appellants
## V.
## COLLIN CENTRAL APPRAISAL DISTRICT, COLLIN APPRAISAL REVIEW BOARD, ROBERT PHILO, IN HIS CAPACITY AS ARB CHAIRMAN, AND BO DAFFIN, IN HIS CAPACITY AS CHIEF APPRAISER, Appellees

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-05054-2017**

# MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

Appellants William Charles Bundren, Karen Bundren, and William Mark Bundren appeal the trial court's order granting the pleas to the jurisdiction filed by appellees Collin Central Appraisal District (CCAD), Collin Appraisal Review Board (ARB), James Terilli,[1] and Bo Daffin. In a single issue, appellants assert the trial court erred by granting appellees' pleas to the jurisdiction and dismissing appellants' lawsuit. We affirm the trial court's order of dismissal for want of jurisdiction.

---

[1] James Terilli was Chairman of the ARB when the events leading up to this lawsuit occurred. He since has been replaced by Robert Philo.

FACTUAL BACKGROUND

Appellants reside on the property that is the subject matter of the lawsuit. Charles[2] and Karen filed for and received a General Residential Homestead Exemption for the property in January 2004. In March 2013, Charles and Karen conveyed a life estate to Charles's father, Mark, who was over 65-years old. On December 27, 2016, Mark executed a 2016 Residence Homestead Exemption Application in which he represented each appellant had a 100% ownership interest in the property; Mark also sought a General Residence Homestead Exemption and an Age 65 or Older Exemption based on his age. Two days later, Charles and Karen filed a 2016 Residence Homestead Exemption Application for the same property.

In May 2017, CCAD notified appellants of the appraised value of the property, and that it was denying the Over 65 Exemption. Charles, a lawyer representing Karen, Mark, and himself, filed a Notice of Protest Letter. Charles requested all correspondence be sent to him at his office address: 2591 Dallas Parkway, Suite 300, Frisco, Texas 75034. In June 2017, the ARB sent a Notice of Protest Hearing to Charles at the above-listed address. The letter stated the hearing would be held on June 23, 2017 at 3:00 p.m. The letter also stated: "FAILURE TO APPEAR FOR YOUR HEARING ON 6/23/2017 WILL RESULT IN DISMISSAL OF YOUR PROTEST and may jeopardize other rights to which you may otherwise be entitled."

Also in June 2017, CCAD notified appellants that it was removing the General Residential Homestead Exemption for the years 2014, 2015, 2016, and 2017; Charles served a second Notice of Protest Letter and again requested that all communications be sent to his office address: 2591 Dallas Parkway, Suite 300, Frisco, Texas 75034.[3]

---

[2] Because appellants share a surname, we will refer to them by their first or middle names.

[3] Both Notice of Protest Letters state: "All communications concerning this property and this property owner regarding this protest should be sent to me at the above referenced address. DO NOT SEND ANY COMMUNICATIONS TO THE PROPERTY ADDRESS."

Charles filed a motion to reschedule the hearing. In August 2017, the ARB sent a Notice of Protest Hearing to Charles at his office address, 2591 Dallas Parkway, Suite 300, Frisco, Texas 75034. The letter stated the hearing would be held on August 21, 2017 at 9:30 a.m. The notice letter again stated: "FAILURE TO APPEAR FOR YOUR HEARING ON 6/23/2017 WILL RESULT IN DISMISSAL OF YOUR PROTEST and may jeopardize other rights to which you may otherwise be entitled." On August 21, 2017, none of the appellants appeared at the protest hearing. Appellants also did not file an affidavit or appear by telephone conference call to offer argument. *See* TEX. TAX CODE ANN. § 41.45(b).

ARB Chairman James Terilli subsequently signed a motion to dismiss appellants' protest because appellants failed to appear at the hearing. Appellants took no further action before the ARB. Instead, appellants filed an original petition in the trial court. Appellees filed pleas to the jurisdiction asserting the trial court lacked jurisdiction over appellants' claims. Appellants filed a response. After conducting a hearing, the trial court dismissed appellants' claims for want of jurisdiction.

## LAW & ANALYSIS

In a single issue, appellants assert the trial court erred by granting appellees' pleas to the jurisdiction and dismissing their lawsuit. A plea to the jurisdiction challenges the district court's authority to determine a cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We review de novo the grant of a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

The Texas Tax Code provides detailed administrative procedures for those who would contest their property taxes. *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (citing TEX. TAX CODE ANN. §§ 41.01–.71). "The administrative procedures are 'exclusive' and most defenses are barred if not raised therein." *Id.* (citing TEX. TAX CODE ANN. § 42.09.2). The

Texas Supreme Court has repeatedly held that "a taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes." *Id.* (citing *Matagorda County Appraisal Dist. v. Coastal Liquids Partners*, L.P., 165 S.W.3d 329, 331 (Tex. 2005); *Gen. Elec. Credit Corp. v. Midland Cent. Appraisal Dist.*, 826 S.W.2d 124, 125 (Tex. 1992) (per curiam); *Webb County Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954–55 (Tex. 1990)).

In *Webb County Appraisal District*, the Texas Supreme Court considered the issue that is before this Court today: "whether a taxpayer is required to 'appear' at the protest hearing before the Appraisal Review Board as a prerequisite to an appeal to district court." *Webb County Appraisal Dist.*, 792 S.W.2d at 953. After considering relevant portions of the tax code, the supreme court decided the tax protest "merely initiates the process," but there must be evidence upon which the board can determine the merits of the protest. *Id.* at 954. "If the taxpayer presents no evidence, the appraisal review board has nothing before it on which to make a determination, which is a prerequisite to judicial review." *Id.* The effect of allowing a party to not present evidence at the hearing, either in person or by affidavit, "would be the emasculation of the administrative hearing process. Filing a protest would become merely one more hoop to jump through before appealing to district court." *Id.* at 954. Further, "if the taxpayer is not required to appear at the protest hearing in order to appeal to district court, the administrative hearing process would become useless. We hold that taxpayers contesting property valuation must appear, either personally, by representative, or by affidavit, at the protest hearing as a prerequisite to an appeal to district court." *Id.* at 954-55.

It is uncontested that appellants did not appear for the hearing on August 21, 2017. The reason they did not appear is contested. Appellants maintain they did not receive notice of the hearing. However, they did not raise this issue with the ARB. Rather, the record shows the ARB

sent notice of the hearing to appellants at the requested address where appellants stated they would receive mail.  This is the same address where the previous notice of hearing was sent; that notice was received by appellants.  Appellants continue to use the same address as part of this litigation.

By failing to appear at the hearing or otherwise present evidence to the ARB, appellants failed to exhaust their administrative remedies and the trial court lacked jurisdiction to consider their complaints related to ad valorem taxes.  Therefore, we conclude the trial court properly granted appellees' pleas to the jurisdiction and dismissed appellants' lawsuit.  We overrule appellants' sole issue.

### CONCLUSION

We affirm the trial court's order of dismissal for want of jurisdiction.

/Erin A. Nowell/

ERIN A. NOWELL
JUSTICE

181048F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM CHARLES BUNDREN,
KAREN BUNDREN, AND WILLIAM
MARK BUNDREN, Appellants

No. 05-18-01048-CV          V.

COLLIN CENTRAL APPRAISAL
DISTRICT, COLLIN APPRAISAL
REVIEW BOARD, ROBERT PHILO, IN
HIS CAPACITY AS ARB CHAIRMAN,
AND BO DAFFIN, IN HIS CAPACITY
AS CHIEF APPRAISER, Appellees

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-05054-2017.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne participating.

In accordance with this Court's opinion of this date, the trial court's order of dismissal for want of jurisdiction is **AFFIRMED**.

It is **ORDERED** that appellees Collin Central Appraisal District, Collin Appraisal Review Board, Robert Philo, In His Capacity As ARB Chairman, and Bo Daffin, In His Capacity as Chief Appraiser, recover their costs of this appeal from appellants William Charles Bundren, Karen Bundren, and William Mark Bundren.

Judgment entered this 6th day of December, 2019.