**Opinion filed May 23, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00206-CV
_____

## SOLARIS OILFIELD SITE SERVICES OPER LLC, Appellant

## V.

## BROWN COUNTY APPRAISAL DISTRICT, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV2009372**

## O P I N I O N   O N   R E H E A R I N G

Appellant, Solaris Oilfield Site Services Oper LLC (Solaris), is the owner of a collection of mobile sand silo systems that are used in the hydraulic fracturing process. The systems are transported from site to site using a series of trailers, some of which are later integrated into the fully assembled sand silo system.

On April 18, 2024, we issued an opinion in this cause, holding that the silo systems should be categorized as Dealer's Heavy Equipment Inventory (DHEI) for tax purposes. *Solaris Oilfield Site Servs. Oper LLC v. Brown Cnty. Appraisal Dist.*, No. 11-22-00206-CV, 2024 WL 1661759, at *9 (Tex. App.—Eastland Apr. 18,

2024, no. pet. h.); *see also* TEX. TAX CODE ANN. § 23.1241(a)(6) (West 2021).  We further held that the trailers that are used to transport the systems should be categorized as vehicles.  *Solaris*, 2024 WL 1661759, at *7 n.8, *9 *see also* TAX § 23.1241(a)(6).

After we issued our opinion, Appellee, Brown County Appraisal District, filed a motion for rehearing, pointing out that the market values for the trailers for the years 2020 and 2021 have not yet been established.  The appraisal district requests that we remand this cause to the trial court for a determination of that issue.

In response to Appellee's motion for rehearing, Solaris agrees that the question of the value of the trailers remains unresolved and indicates that it is negotiating with the appraisal district in an effort to reach an informal resolution of this issue.  However, and referencing provisions in the Tax Code, Solaris argues that the trial court may not have jurisdiction to render judgment on the value of the trailers, and it therefore opposes the motion.

Although we commend the parties for their initiative in attempting to negotiate and resolve the question that has been identified in this court's opinion, we conclude that the trial court currently lacks jurisdiction to render a determination on the value of the trailers.

Under Section 25.19(a)(3) of the Texas Tax Code, the chief appraiser of the district is required to establish the appraised value of all property that "was not on the appraisal roll in the preceding year."  TAX § 25.19(a) (West Supp. 2023).  This is mandatory.  *Id.*  As such, it is now the statutory duty of the appraisal district, in light of our opinion, to establish appraised values for the trailers in question for the tax years 2020 and 2021.

Once such values have been established, it then becomes the right of Solaris to protest them, if it is so inclined.  *See* TAX § 42.01(a)(1).  However, such a right

must be asserted using the procedures that are outlined in Chapter 42 of the Tax Code. TAX § 42.09(a) (with limited exceptions, "procedures prescribed by [the Tax Code] for adjudication of the grounds of protest . . . are exclusive"). Thus, Solaris will be required to exhaust its remedies under the Tax Code before the value of the trailers can be addressed by the trial court, as the appraisal district requests. *See Matagorda Cnty. Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 331 (Tex. 2005) ("[A] taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes."); *Webb Cnty. Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex. 1990) (The review process before the appraisal district is intended to resolve the majority of tax protests at the administrative level, thus relieving the burden on the court system; thus, "judicial review of administrative orders is not available unless all administrative remedies have been pursued to the fullest extent.").

Furthermore, even if we were to conclude that the trial court has jurisdiction over the question of the value of the trailers, we would still be inclined to defer to the existing administrative process for the determination of such values. That system as designed by the legislature is more ideally suited to facilitate a fair, timely, and efficient resolution of the issue. *See Webb Cnty*, 792 S.W.2d at 954.

For the reasons discussed above, we deny Appellee's motion for rehearing.


W. BRUCE WILLIAMS
JUSTICE

May 23, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

3